## LINDSAY *vs.* HOKE & ABERNATHY ET AL.

1. When several plaintiffs join in an action of trespass to try titles, a deed conveying the land in controversy to some of them is admissible evidence for the grantees therein named; and therefore a motion to exclude it entirely may be refused.

2. *It seems,* that when land is conveyed by deed to a firm by their firm name, the deed may be aided by parol proof showing the names of the particular individuals of which the partnership was composed.

ERROR to the Circuit Court of Benton.

Tried before the Hon. THOMAS A. WALKER.

WHITE & PARSONS and RICE & MORGAN, for plaintiff in error:

1. The deed to Crow & Moore is void for uncertainty. Humble v. Glover, 1 Croke, Eliz. 328; Allison v. Hampton, 11 Humphrey, 71; Revis v. Lamme & Bro., 2 Mo. 207; Hudson v. Gayle, 10 Ala. 116.

2. The title to land must be by deed or writing; hence it must all be in writing, not part writing and the rest parol: proving the christian names of these grantees, Crow & Moore, would be showing a title to land by parol evidence. This cannot be done. McPherson v. Waters, 16 Ala. 714.

If the deed be to John Smith, and there are several of that

name, parol proof may be offered to show which John Smith is intended. But this is not a violation of the statute of frauds; the statute has been complied with, by giving the full name of the grantee. Nothing more could be done by the deed; therefore, the parol proof does not create a title, in giving direction to the deed.

J. B. MARTIN, *contra.*

PHELAN, J.—This was an action of trespass to try titles, brought by Hoke and others against Lindsay.

The plaintiffs, in their declaration, describe themselves as follows: "John D. Hoke, George Hoke, Daniel Hoke, Jr., and Miles W. Abernathy, co-partners, doing business under the firm, name and style of Hoke & Abernathy, Samuel P. Hudson, Courtney J. Clarke, Alfred Moore and James Crow, Edward L. Woodward and James D. Porter, plaintiffs, by attorney complain, &c."

To establish their title to the lands in question, the plaintiffs proved and introduced a deed for the premises, made by the sheriff of Benton county, in virtue of sundry executions in his hands, which had been duly levied on the land as the land of the defendant.

The part of the deed containing the words of conveyance, and describing the grantees, is in these words, to-wit: "I have granted, bargained and sold, and by these presents do grant, &c., unto the said Samuel P. Hudson, Courtney J. Clarke, Crow & Moore, E. L. Woodward, James D. Porter, and Hoke & Abernathy, their heirs, executors, administrators and assigns, all the estate, &c., of the said John Lindsay," &c.

"The defendant objected to the reading of the deed, upon the ground that the parties named in the deed as Hoke & Abernathy were not, nor were any other parties therein named, the same persons named in the declaration as John D. Hoke, George Hoke, Daniel Hoke, and Miles W. Abernathy, partners in trade under the firm name of Hoke & Abernathy." The plaintiffs then proved that said individuals composed the said firm of Hoke & Abernathy.

"Defendant then further objected to the reading of said deed, because the persons named Crow & Moore in the deed, were

not described or named in the declaration. This objection was overruled. Defendant then proved that Crow & Moore was a partnership name of the firm of Crow & Moore, and that it was a partnership at the date of the judgment, composed of James Crow and Alfred Moore, and thereupon renewed the objection to the reading of said deed. But the court permitted the deed to be read, and defendant excepted to these rulings of the court."

The motion to exclude this deed from the jury was properly overruled, let the question as to its sufficiency in respect to the description of the grantees described in it as "Hoke & Abernathy" and "Crow & Moore," be as it may. The deed was unquestionably good as to the other grantees named in it, even if not sufficient as to these; and being competent proof beyond doubt as to the others, the motion to exclude it as a whole, was correctly refused. The bill of exceptions does not purport to set out all the proof.

Had the question been presented upon a motion to instruct the jury as to the legal sufficiency of a deed of land made to a firm in their firm name, and the right to make the identification of the grantees so named certain by parol proof, as was done in this instance, we should probably have found little difficulty in coming to the conclusion, that such a thing in a deed for land, however contrary to common and correct usage, is, nevertheless, legal in itself, and may be aided by parol proof, showing the particular individuals of which the partnership was composed. 11 Dev. 103; 19 Verm. 613; 7 Shepley, 413; 2 Brock. 156. But this question is not raised in such a manner that we are called upon to decide it.

Let the judgment be affirmed.