## HINES AND WIFE vs. TRANTHAM.

[TRESPASS TO TRY TITLES TO LAND.]

1. *Tenant in common may maintain separate action.*—Tenants in common of land may maintain separate actions of trespass to try titles for their respective interests.
2. *Reversal for erroneous affirmative charge.*—An affirmative charge, by which a recovery is erroneously denied to the plaintiff on one specified point, is good cause of reversal, although there may be defects in his proof on other material points; it not appearing from the record that these defects cannot be supplied on another trial.

APPEAL from the Circuit Court of Pickens.
Tried before the Hon. B. W. HUNTINGTON.

THIS action was brought by the appellants, in December, 1851, to recover the possession of a certain tract of land in the county of Pickens, as well as damages by way of rent for its detention; and the only plea was, not guilty.

On the trial, as the bill of exceptions shows, the plaintiffs proved, that George M. Trantham, died in possession of the

premises sued for ; that Mrs. Hines, one of the plaintiffs, was one of his children and heirs-at-law, and that Mrs. Julia Crimm, the wife of Warren W. Crimm, was another ; that Mrs. Crimm and her said husband both died before the commencement of this suit, leaving no children.  They then read in evidence a transcript from the records of the Orphans' Court of Pickens, showing that said Crimm, in right of his wife, at the February term, 1844, moved said court for his distributive share of said Trantham's estate ; that the defendant in this suit, as guardian of the minor heirs, had notice of said motion, and consented that it should be granted ; that commissioners were appointed by the court, to divide said estate, and to allot to the petitioners their share ; that the commissioners made a division, by which they allotted the lands now sued for, with other property, to said Crimm and wife ; that the report of the commissioners was returned to the court, and was by it ordered to be recorded.  They then proved, that the sheriff administered the oath to the commissioners who made said division ; also, that Mrs. Crimm had five brothers and sisters, of whom Mrs. Hines was one, who were her heirs.  The defendant then offered in evidence, to show title in herself, a deed for the lands in controversy, made to her after said division and allotment, by said Crimm and wife ; but it was proved, that Mrs. Crimm, when the deed was made, was under twenty-one years of age.

"Upon this proof," the court charged the jury, in substance,

1. That if Mrs. Crimm, when she executed said deed conveying the lands to the defendant, was under the age of twenty-one years, it did not divest her title.

2. That the action of the commissioners was not sufficient to invest Mrs. Crimm with title to the real estate allotted to her, unless they were sworn before a justice of the peace, or some other officer having authority to administer an oath, and unless their division and allotment was certified by such justice or other magistrate.

3. That the sheriff was not authorized to administer the oath.

4. That if they found from the evidence, under these instructions, that the proceedings of the said commissioners were not such as to invest Mrs. Crimm with the legal title to the land, the plaintiffs could not recover as her heirs.

The plaintiffs excepted to each of these charges, except the first, and they now assign the same for error.

TURNER REAVIS, for the appellant.

STEPHEN F. HALE, *contra*.

RICE, J.—Tenants in common of land may maintain separate actions of trespass to try titles, for their interests. Craig v. Taylor, 6 B. Monroe, 457 ; Baker v. The Heirs of Chastang, 18 Ala. R. 417 ; Childers v. Tankersley, 23 *ib.* 781 ; Adams on Ejectment, 211.

Upon the facts shown in the bill of exceptions, Mrs. Hines was one of the heirs of her father, and also one of the heirs of her sister, Mrs. Crimm. In 1845, Mrs. Crimm died, without issue, and her husband died before this suit was commenced. Conceding, then, that the proceedings of the Orphans' Court of Pickens county, and of the commissioners appointed by it, are void, and did not invest Mrs. Crimm with title to any land ; yet, as one of the heirs of her father, she had such an interest in his land, as would, upon her death without issue, descend to Mrs. Hines, as one of her heirs, and entitle her husband and her to maintain trespass to try titles, to recover that interest. This plain legal proposition is denied by the fourth charge of the court below, as we understand that charge, and as the jury doubtless understood it. In this, the court below erred ; and for that error, there must be a reversal, although there may be defects in the plaintiff's proof on other material points—it not appearing that these defects cannot be supplied on another trial.—Cotten v. Thompson, 25 Ala. R. 671.

Judgment reversed, and cause remanded.