# Blanchard *v.* Floyd & Huguley.

### *Statutory Action in nature of Ejectment.*

1. *Sale of lands under probate decree; purchase by partnership, and conveyance after death of one partner.*—When lands sold under a probate decree are purchased by a partnership, and one of the partners dies before the sale is confirmed, a deed subsequently executed, under the order of the court, to the partnership by its firm name, is not void, but conveys to the surviving partner an undivided one-half interest in the land, and he may maintain an action at law on it in his own name.

2. *Inspection of probate records by presiding judge; general charge on*

[Blanchard v. Floyd & Huguley.]

*evidence.*—When a material question in the case is the date of a probate decree confirming a sale of lands by an administrator, and a witness has testified to facts fixing the time, the presiding judge has no right to "settle the question by an inspection of the probate records," and then charge the jury that the order was made on the day therein shown, disregarding the oral testimony which tended to show a different day.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by T. E. Blanchard and the heirs of L. M. Burrus, deceased, against Burrell Floyd and Jack Huguley, to recover the possession of a tract of land particularly described in the complaint; and was commenced on the 17th March, 1887. The facts of the case, as developed on the trial, are thus stated in the bill of exceptions:

"The evidence tended to show plaintiffs' right to recover, except in the particulars hereinafter set forth. It was proved that said T. E. Blanchard was the surviving partner of Blanchard & Burrus, a partnership composed of the said Blanchard and L. M. Burrus, since deceased; and that the other plaintiffs were the heirs at law of said Burrus. The plaintiffs claimed title from the administrator of one Isham Meadors, deceased. The records of the Probate Court of Lee county, showing the sale of said land to Blanchard & Burrus, were offered in evidence, and were admitted to be regular, and such as would authorize plaintiffs to recover, except as follows: (1.) The evidence tended to show that said Burrus died after the sale of said land by the administrator in conformity to the orders of the Probate Court, and after the purchase-money was paid by said Blanchard & Burrus, and that the Probate Court, after his death, confirmed said sale, and ordered the administrator to execute titles to said Blanchard and Burrus; which was done, and a proper deed executed to said Blanchard and Burrus, notwithstanding the death of the latter. (2.) One Stephens testified as a witness that, some time after the order was made confirming said sale and ordering titles to be made to said Blanchard and Burrus (which order, he stated, was made and entered in January, 1884), to-wit, between the 1st and 18th April, 1884, he drew the deed of conveyance from said administrator to Blanchard and Burrus, predicating it upon the said orders of the Probate Court for the sale of said land, the order confirming said sale, and ordering a conveyance of the lands by said administrator; all of which, he testified, were had and made in said court before the 1st April, 1884; also, that said deed from said administrator to Blanchard and Burrus was duly signed and acknowledged as required by law, after the order directing the same was made by said court, and was by

[Blanchard v. Floyd & Huguley.]

him delivered to said Burrus, in the city of Columbus, Georgia, in the month of April, 1884; and he then testified as to the loss of said deed, which, he said, subsequently came into his possession, and also as to its contents.

"After the circuit judge had given his general charge to the jury, in which he left them to determine the case under appropriate instructions, he sent for the original records of the Probate Court, stating that he would settle the question as to whether the order confirming the sale and ordering a conveyance was made in 1884 or 1885, after the death of Burrus; and said records showed, without controversy or dispute, that said order was made in January, 1885. After said records were brought into court, and thus inspected by the judge, showing the facts aforesaid, he charged the jury that the plaintiffs could not recover in this action; to which charge the plaintiffs then and there excepted. The plaintiffs then amended their complaint, by leave of the court, so as to leave T. E. Blanchard the sole plaintiff in the action. The defendants then asked the court, in writing, to charge the jury that, if they believed all the evidence, they must find for the defendants; which charge the court gave, and the plaintiffs duly excepted."

The appeal is sued out in the name of "T. E. Blanchard *et al.*," and the assignments of error are in the same form. The errors assigned are, (1) the first charge given; (2) the second charge, given after the amendment of the complaint; (3) the action of the probate judge in inspecting the probate records, and instructing the jury as to their effect, "after the case was closed."

A. & R. B. BARNES, and HARRISON & LIGON, for appellants. (1.) If the administrator's deed to Blanchard & Burrus was executed and delivered before the death of Burrus, as Stephens testified, all of the plaintiffs were entitled to recover; and if after his death, as the probate records tended to show, Blanchard was entitled to recover at least an undivided one-half interest in the land.—5 Amer. & Eng. Encyc. Law, 432, par. 9; Devlin on Deeds, vol. 1, pp. 162, 181; *Beaman v. Whitney,* 20 Maine, 413; *Winter v. Stock,* 29 Cal. 409. (2.) The evidence as to this material fact being conflicting, the general affirmative charges given by the court were necessarily erroneous, since they invaded the province of the jury; and the first charge was erroneous for the further reason, that it does not appear to have been given on request.—Code, § 2754. (3.) The action of the court in sending for the probate records, inspecting them, and charging the jury on their effect, was irregular, unauthorized, and unprecedented.

[Blanchard v. Floyd & Huguley.]

JNO. M. CHILTON, *contra.*—(1.) Errors are assigned in the names of all the plaintiffs jointly, although all of them but Blanchard were struck out by amendment. Being no longer parties to the record, they can not assign errors, nor complain of any ruling of the court below; and Blanchard can take nothing by the assignment of error, even if error prejudicial to him is shown, because of the misjoinder of the others. (2.) The bill of exceptions does not purport to set out all the evidence, and the presumption must be indulged that there was evidence, not set out, which justified the affirmative charges given by the court. (3.) No objection was made, and no exception reserved, to the inspection of the probate records by the presiding judge; and his action, if irregular, is not revisable.

COLEMAN, J.—It is an essential requisite to a deed of conveyance of land, that the grantee be named or so described that he may be distinguished from other persons.

The maxim, "*Id certum est quod certum reddi potest,*" applies in such cases.

A deed made to a partnership, described as it was in this case, as "*Blanchard & Burrus,*" is legal, and may be aided by parol proof, showing the individuals composing the firm. *Jones v. Morris,* 61 Ala. 521; *Lindsay v. Hoke,* 21 Ala. 542.

A conveyance of real estate to a partnership, by its firm name, vests the title at law in the several partners as tenants in common, and to pass the legal title all the partners must join in the conveyance.—3 Brick. Dig., p. 692, §§ 89–91.

The legal or equitable title to lands owned by a partnership does not, like personal assets, devolve on the survivor, but the interest of the deceased partner descends to his heirs, subject in equity to be converted into partnership effects for partnership purposes.—2 Brick. Dig., p. 692, § 99.

Where lands of a decedent have been sold by an order of the Probate Court, and the purchase-money paid, the title which passed by operation of law to the heirs, on the death of the decedent, is not divested until, under the order of the court, a conveyance is executed to the purchaser.—3 Brick. Dig., p. 470, § 239; 71 Ala. 594.

These familiar rules are of easy application. If the proof shows that Blanchard & Burrus, a partnership, were the purchasers of the land, and paid the purchase-money, they owned as tenants in common an equitable interest in the land. If Burrus died before the confirmation of the sale, his heirs succeeded to his equitable interest. If after his death the sale was confirmed, and an order made directing the administrator

to make title to Blanchard & Burrus, and in accordance with such order a deed was made to Blanchard & Burrus (Burrus being dead), the deed, though inoperative so as to convey the legal title to Burrus, or to his children, was not void as to Blanchard. Such a deed would convey to him the legal title to an undivided one-half interest in the lands, and upon parol proof showing that T. E. Blanchard was the Blanchard of the partnership, would sustain an action of ejectment for his half interest in the lands. Such a deed, however, would not convey the legal title to any interest to the children of Burrus. So far as it was an attempt to convey to Burrus, the deceased partner, both the order and the deed were mere nullities. Upon proof being made that Burrus died after the payment of the purchase-money, and before confirmation, the Probate Court should direct a conveyance to the heirs of Burrus of his undivided interest, or, by applying to a court of equity, the heirs could obtain the legal title to such interest. The general charge to find for the defendants, after the complaint had been amended so as to leave T. E. Blanchard the sole plaintiff, was erroneous. He was entitled to recover an undivided half interest.

The court was in error, also, in not permitting the jury to pass upon the evidence of the witness Stephens. There is no warrant in law which authorized the judge to send for the records of the Probate Court, and by a personal inspection satisfy himself as to the existence or non-existence of any disputed fact, and then as a court charge the jury upon the effect of the information thus obtained. The records of the Probate Court ought to have been introduced in evidence on the trial, and the credibility of the witness Stephens left to the jury; or, if the records were introduced before the jury, a fact left in doubt by the bill of exceptions, it was not for the court to assume that the evidence of the witness Stephens was not of sufficient consequence to be weighed by the jury. The affirmative charge ought not to be given in any case where there is a conflict in the evidence on a material issue.

Reversed and remanded.