LASATER & NOBLE v. N. J. GREEN, *Treasurer, et al.*

(Filed June 30, 1900.)

1. TRANSIENT PROPERTY, TAXATION OF. A non-resident who brings cattle into the Osage Indian reservation for grazing purposes between March 1st and September 1st is liable for taxes assessed and levied thereon for that year by the county officials of the county to which said reservation is attached for judicial and taxing purposes, even though such cattle have been listed for taxation in another state for the same year, and prior to the time they were brought into such reservation.

2. EQUITY—*Injunction Denied, When.* A court of equity will not enjoin the collection of any portion of a tax unless the petitioner tenders that portion over which there is no dispute, if there be any, and offers in his petition to pay such further portions thereof as the court may find to be just.

(Syllabus by the Court.)

*Appeal from the District Court of Pawnee County before Bayard T. Hainer, District Judge.*

*Dale & Bierer,* for appellants.

*Horace Speed,* and *Matt Williams, County Attorney,* for appellees.

Opinion of the court by

BURWELL, J.: Ed. C. Lasater and G. A. Noble, partners doing business as Lasater & Noble, commenced this action in the district court of Pawnee county to enjoin the collection of certain taxes levied against their cattle, which were located in the Osage Indian reservation, for the year 1898, claiming, first, that all of the cattle were listed for taxation for the same year in the state

of Texas, prior to the time they were brought into Oklahoma, and that they were denied the privilege of showing this fact to the assessor by affidavits; and, second, if liable for any taxes at all, they are only liable for the tax levies for territorial and court purposes under the law of 1899.

The petition in this case is practically the same as the one filed in the case of *Collins & Wallace v. Green, Treasurer, et al.*, decided at the present term of court, and the decision in this case must necessarily be the same as the conclusions reached in that case, because the case comes up on appeal from the sustaining of the demurrer to the petition. The plaintiffs could not be discharged from paying taxes on their property by filing an affidavit with the assessor showing that the same property had been listed for taxation for the same year in the state of Texas, prior to the time it was brought into Oklahoma, because the only persons that section 3 of the transient property act of 1895 attempts to exempt are persons who settle in the Territory and bring property with them. It also applies to associations or corporations which form or organize in the Territory and bring property with them into the county where they organize. The plaintiffs do not claim that they settled in any county and brought their property with them; on the contrary, they are non-residents.

As to whether or not the Statutes of 1899 relieve the plaintiffs from paying any taxes except the territorial and court levies, we will not express an opinion. It is clear, however, from a reading of all of the statutes bearing upon this subject that the plaintiffs are liable, at least, for these two levies, and there is no offer in the

petition to pay the taxes which the court may find to be justly due. The plaintiffs ask to be discharged from the payment of the taxes which may be illegal, but do not propose to pay the taxes which are just. Before equitable relief will be granted one who seeks to enjoin the collection of a tax, he must tender that part of the tax over which there is no dispute, if there be any, and offer in his petition to pay such further portions as the court may find he should pay. (*State Railroad Tax Cases*, 92 U. S. 616; *Kimball v. National Bank*, 103 U. S. 733; *Collins & Wallace v. Green, Treasurer, et al.* this term not reported.)

A court of equity cannot compel the petitioners to pay the taxes which it may find to be legal; therefore, in order that full justice may be done to both parties, it will require plaintiffs to tender in their petition the amount which the court may find to be legal, as a condition precedent to granting them any relief.

The judgment of the trial court is affirmed, at the costs of appellants.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring