## SPENCER E. SANDERS v. THE C. R. I. & PAC. RY. CO.

### (Filed June 30, 1900.)

1. DAMAGES FOR PERSONAL INJURY—*Common Carrier—Negligence.* One is not justified in riding on the steps of a pasenger car outside of the vestibule door, even though he has a ticket for passage on that particular train, and is unable to secure admission to the coach, and if one voluntarily assumes such risk and is accidentially thrown from the train while it is running, he is not entitled to damages for personal injuries received thereby.

2. EVIDENCE, WHEN NOT SUFFICIENT—*Demurrer Thereto.* A demurrer to evidence which does not reasonably support the allegations of a petition and which will not support a verdict, should be sustained.

(Syllabus by the Court.)

*Appeal from the District Court of Kingfisher County; before John L. McAtee, District Judge.*

*D. K. Cunningham,* for appellant.

*M. A. Low, W. F. Evans, C. O. Blake* and *E. E. Blake,* for appellees.

Opinion of the court by

BURWELL, J.: Spencer E. Sanders commenced action against the Chicago, Rock Island & Pacific Railway com-

pany, to recover the sum of twenty thousand dollars as damages alleged to have been sustained by him on account of personal injuries caused by the negligence of the defendant while plaintiff was a passenger on one of its trains. Issues were joined, and a trial had. After the plaintiff introduced all of his evidence and rested, the defendant filed a demurrer to the evidence, which was sustained by the court, and judgment for costs entered for the defendant. The plaintiff saved his exceptions to this order, as well as to an order denying him a new trial, and brings the case here on error.

The facts in this case are brief. The plaintiff on the morning of the injury went to the passenger depot of the defendant in Kingfisher, and purchased from the agent a ticket from that place to Dover, which is located a few miles north of Kingfisher. At this time the north bound passenger train was standing by the depot, having arrived some four minutes before, and other passengers had gotten on and off of it. A lady and gentleman entered the front end of the chair car a short distance ahead of the plaintiff but when the plaintiff reached the car, the vestibule door was closed and locked. He stepped on to the car steps and shook the door but could not get it open. He then walked back to the other end of the chair car and tried to open the vestibule door there, but could not. According to his statement he stood on the steps until the bell rang for leaving, and then shook the door again. By this time the train was moving, and he concluded to remain on the steps, thinking that some of the train men would discover him and let him in; but the other witnesses say that after trying the vestibule door at the back end of the chair car, and finding himself

unable to effect an entrance, he stepped down on the depot platform and started toward the north end of the car, and that at this time the bell began ringing and the train started, whereupon he stepped back on to the steps at the back end of the chair car and rode off. This difference, however, we deem immaterial. At the time plaintiff arrived at the train all of the passengers had gotten on and off, and all of the train men had returned to the train, or at least none of them were on the depot platform or in sight. The ordinary stop of this train at Kingfisher was five minutes, and this was about the time consumed that morning. Plaintiff rode on the car steps outside of the vestibule door until the train reached a point a short distance north of Dover. Here without any force by, or knowledge of the agents of the defencant he accidentally fell off of the train and received the injury complained of.

Viewing this evidence, in its most favorable light, the plaintiff is not entitled to recover, and the defendant was properly sustained. Many authorities are cited by the appellant to the effect that railway companies are bound to provide proper accommodations and to use all reasonable precautions for the safety of their passengers. The correctness of these decisions is not questioned in this opinion. However, the defendant company had used these precautions. Vestibule doors on cars are for the purpose of preventing passengers going from one car to another while the train is moving, from falling off of the train, to keep out smoke, dust, etc. The defendant knew, or at least in law it is presumed that he knew, that it was extremely dangerous for him to ride on the car steps outside of the vestibule door, and while it is true he had pur-

chased a ticket, possibly to ride on that train, the company did not agree that he might ride on the car steps; his ticket gave him passage in the car, and not on the steps outside; and when he voluntarily elected to ride on the steps he assumed all of the additional risk incident thereto. Persons have become familiar with the extreme danger of riding on the tops of cars, or on the steps, and the courts have laid down the rule that such acts constitute negligence *per se.* (*Secor v. Toledo & Peoria Ry. Co.* [Ill.] 10 F. R. 15: *Schevier v. Chicago, St. P. & C. Ry. Co·* [Minn.] 63 N. W. 1034; Elliott on Railroads, Vol. 4, sec. 1630, and notes.)

While certain duties are imposed upon railway companies for the protection and safety of passengers, persons riding on passenger trains are required to use at least reasonable diligence and care for their own safety. If the plaintiff was denied a fair opportunity to get on the train after buying his ticket, provided he bought it in time to take passage on that particular train under the rules of the company, and the train was one from which passengers were permitted to alight at Dover, and he suffered any damages by reason thereof, he could have maintained his action for the same, but he cannot recover damages from the company for an injury which was the result of his own rash act, and which imperiled his life from the very moment the train reached full speed.

The evidence of the plaintiff and his witnesses did not reasonably support the allegations of the petition, and if a verdict had been returned for the plaintiff the trial court would have been compelled to set it aside. There·

fore, the demurrer to the evidence was properly sustained.

For the reasons herein expressed, the judgment of the court below is affirmed at the costs of appellant.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.