### JOHN J. WATKINS v. JOHN H. HAVIGHORST.

(Filed September 9, 1903.)

1. **VALIDITY OF OFFICIAL ACTS—Presumed, When.** The law presumes the validity and regularity of the official acts of public officers within the line of their official duty, as it does the legality of the acts of private persons, and this presumption obtains until overcome by proof as to the acts involving the performance of ministerial or administrative duties, except in cases where it is sought to take away personal rights of a citizen, or deprive him of his property, or place a charge or lien thereon.

2. **EVIDENCE—Demurrer to.** A demurrer to evidence when the evidence does not reasonably support the allegations of the petition, and which will not support a verdict, should be sustained.

3. **APPEAL FROM SURVEY.** The onus lies on the party appealing from a survey made by a county surveyor to show that the survey is incorrect.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*Cotteral & Hornor,* for plaintiff in error.

*Dale & Bierer,* for defendants in error.

#### STATEMENT OF FACTS.

This is a case where plaintiff in error took an appeal to the district court from the action of the county surveyor in surveying and laying out the division line between his land and that of the defendant, John H. Havighorst, defendant in error here. Upon the trial in the district court, plaintiff in error demanded a jury, which was denied, and a trial was had before the court. On the completion of the evidence of plaintiff in error, the defendant in error demurred to said evidence, which demurrer was sustained by the court, to which the plaintiff in error excepted, and brings this cause here for review.

Opinion of the court by

IRWIN, J.: The only assignment of error which seems to be insisted upon in plaintiff in error's brief, is that the court erred in sustaining the demurrer to plaintiff's evidence. In the case of the *Board of Education v. Boyer,* 5th, Okla. 225, this court lays down this rule:

"The law presumes the validity and regularity of the official acts of public officers within the line of their official duty, as it does the legality of the acts of private persons; and this presumption obtains until overcome by proof, as to all acts involving the performance of ministerial or administrative duties, except in cases where it is sought to take away personal rights of a citizen or deprive him of his property or place a charge or lien thereon."

Now the county surveyor is a public officer, and laying out and establishing a line between adjacent owners we do not think comes within the definition of taking away a personal right of either party, or of depriving either of his property, or placing a charge or lien thereon. It was simply an attempt in a legal way to establish the boundary line between the two, and to establish the corners and proper boundaries of lands lying adjacent. Now this being true, that this was the act of a public official in the line of his official duty, it necessarily follows that before the presumption of validity which the law throws around his action can be overcome, the proof must be such as to in some way impeach his action, or satisfy the court that his conclusions were wrong.

In the case of *Findley v. McCormick,* 50 Ind. 19, the court said:

"The *onus* lies on the party appealing from the survey

made by the county surveyor, to show that the survey is incorrect."

The sole question to be determined here is: Is the evidence introduced by plaintiff in error in the district court such as, standing alone and uncontradicted, would satisfy the court of the incorrectness of the survey? If so, then the action of the court in sustaining the demurrer was error; if it was not, the ruling of the court was correct. It is contended by the plaintiff in error that the incorrectness of the county surveyor's survey was shown by a survey made by plaintiff in error many years ago. We have examined the evidence concerning this survey, and we do not think that it shows a survey of that character which should be seriously considered by the court as impeaching the validity of the act of a public officer, such as a county surveyor. The evidence shows that this survey was made by a man seventy years old, and was not made with the accuracy and care that the survey made by the county surveyor seems to have been made. It is shown by the evidence of the plaintiff in error, Watkins, that he did not run a chain in making his survey, that he did not measure the distance from the section corner stones, nor use a transit, and that the only instrument he used was an open faced compass, which he says is the best way to determine a line. We cannot agree with him in this particular, and we do not think that the survey as sworn to by him is sufficient to overcome the acts of a county surveyor. But it is contended that the survey of the present county surveyor is disputed by a survey made in 1892, by the county surveyor at that time, which is called the McComb survey. The record of that survey is set out in the record, and on an examination of that record we

do not think that such survey was made in accordance with the law, as it existed at that time, or is of sufficient importance, or of sufficient accuracy, to contradict the survey of the present county surveyor. The statute in force at that time, which is the statute of 1890, sections 1719 and 1720 requires that if the line were one in dispute between parties, the chain men must be disinterested, must be approved and sworn, and that the field notes of the survey and the plat made by the surveyor shall show distinctly of what piece of land it is a survey, at whose request it was made, and what owners were notified and present at the date of the survey, the name of the chainmen, etc. These essentials are nowhere given in the record of the survey made by McComb, and if he complied with these essentials he has failed to make it manifest in his report. These requirements being essential to constitute an official survey, under the law at that time, if they were omitted, the survey cannot be treated as an official survey. The survey of McComb does not show which corner he run from or to, nor does it show the variations of the needle. He does not pretend that it was ever chained; the record does not show that any one was notified or present at the time the survey was made; it does not show that any one assisted him, that he had any chainmen, sworn or otherwise, that any measurements were made, and his field notes and plats which, under the law, should accompany the survey to make it official, were entirely wanting. It does not appear that any of the adjacent owners were notified, or had any knowledge that such survey was to be made.

In *Magoon v. Davis*, 84 Me., 178, the court said:

"Owners of adjoining lands, holding under deeds, made

prior to proceedings taken by commissioners appointed under the statutes to determine a town line, are not bound by such proceedings where they had neither notice of them nor opportunity to be heard."

In *Davis v. Howell*, 47 N. J. L., 280, the court said:

"A land owner whose boundary line is to be affected by the proceedings of the commissioners under the statutes, is entitled to notice of such proceedings, and the fact that such notice has been given should appear upon the face of the proceedings."

In *Marsh v. Chestnut*, 14 Ill., 224, the court said:

"It is a sound and inflexible rule of law that where special proceedings are authorized by statute, by which the estate of one man may be diverted and transferred to another, every material provision of the statute must be complied with. That the owner has a right to insist upon a strict performance of all the material requirements, especially those designed for his security, and the non-observance of which may operate to his prejudice."

In the light of these decisions, it certainly would appear that if Havighorst, the defendant in error, was the owner of the s. w. 1-4 of section 4, at the time of the McComb survey, he could not be bound by any such survey as is shown by the record of McComb. Therefore the survey of Mc-Comb could not be interposed as an estoppel against Havighorst, not only because of the failure of the surveyor to show in his report the field notes of his survey, and to give a plat showing distinctly what piece of land he surveyed, and at whose request it was made, but also because of his failure to give notice to the land owner, Havighorst.

Another contention of counsel for plaintiff in error is that this survey of the county surveyor should be set aside because it would disturb the division line that has long been

acquiesced in by the parties. We have examined the record carefully, and we are unable to find any evidence to show that Havighorst has ever acquiesced in any existing line, but it seems from the record that Havighorst has at all times claimed there was a dispute as to the line between him and Watkins, and it was on this account that he asked that an official survey be made, in order that it might be officially and correctly located.

In the case of *Sanders v. C. R. I. & P. R. R. Co.,* 10 Okla. 325, this court laid down this rule:

"A demurrer to evidence which does not reasonably support the allegations of the petition, and which will not support a verdict, should be sustained."

Now in the case at bar if the evidence offered by the plaintiff in error would not have been sufficient to have supported a judgment of the district court, holding the survey made by the county surveyor in this case to be inaccurate and incorrect, and that it did not truly locate the corners in question, and the line between the plaintiff's and defendant's land, then the court was right in sustaining the demurrer to this evidence.

We have carefully examined the evidence introduced by plaintiff in error, and are of the opinion that it does not tend to reasonably support the finding that the action of the county surveyor and the survey made by him was incorrect, and we think that the action of the district judge in sustaining the demurrer was correct. For this reason the decision of the district court is affirmed, at the costs of the plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; Gillette, J., absent; all the other Justices concurring.