## NORMAN v. GROVES.

No. 2135, Okla. T. Opinion Filed Sept. 11, 1908.

(97 Pac. 561.)

TRIAL—Demurrer to Evidence. When it is alleged in the petition in an action for the recovery of money that the defendant appropriated said money to his own use, and the evidence introduced to sustain said allegation does not reasonably tend to show such appropriation, it is not error to sustain a demurrer thereto.

(Syllabus by the court.)

*Error from District Court, Greer County, C. F. Irwin, Judge.*

Action by W. E. Norman against W. B. Groves. Judgment for defendant. Plaintiff brings error. Affirmed.

*Brown & Powers,* for plaintiff in error.

*S. B. Garrett,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the recovery of the sum of $260. The plaintiff alleged that said sum represented and was the earnings, profits, and dividends on ten shares of stock, of $100 each, of the corporate and capital stock of the Farmers' State Bank of Mangum, and that he was entitled to said sum by reason of the purchase of said shares of stock from one M. L. Childress; that instead of giving plaintiff credit for said dividends, and paying the same, as he, the said W. B. Groves, agreed and promised to do, and as it was his duty to do as cashier of said bank, he appropriated to his individual use the whole of said dividends and money, together with all the earnings and profits accruing thereon. For answer the defendant filed a general denial. Upon the issues thus joined the cause was tried before a jury, and after the plaintiff introduced his evidence and rested counsel for defendant interposed a demurrer thereto, which demurrer was by the court sustained, and judgment entered for the defendant for costs. From this judgment the plaintiff appealed to the Supreme Court of the territory of Okla-

homa, and the cause was transferred to this court under the terms of the enabling act and the Schedule to the Constitution.

The evidence introduced by the plaintiff was to the effect that on the 1st day of January, 1903, the defendant, W. B| Groves, was the cashier and agent of the Farmers' State Bank of Mangum, Okla., and that he as cashier represented to plaintiff that one M. L. Childress had to his credit in said bank the sum of $270 profits and dividends on certain shares of stock of said bank then owned by said Childress; that the plaintiff bought of said Childress for $260 his right to said dividends and profits; that the defendant, after being notified by the cashier of said bank, paid plaintiff $10 thereon, and promised to make the necessary entry on the books of said bank showing said purchase; that said profits and dividends accrued on ten shares of said bank's stock owned by said Childress. The evidence shows conclusively that the plaintiff purchased from Mr. Childress the dividends and profits, amounting to $270, and that Mr. Groves had agreed to give him credit for that amount on the books of the bank, but did not do so. The evidence further shows that no part of this amount had ever been paid to the plaintiff except the sum of $10.

The demurrer to the evidence was sustained upon the ground that it did not tend to show that Mr. Groves appropriated to his own use the amount which it was admitted was due to plaintiff. Upon the demurrer to the evidence being filed, the following colloquy took place between the court below and counsel for defendant:

"By the Court: Judge Brown, I want to know on what theory you expect to recover from the defendant, Groves? By Mr. Brown: They prove themselves that in the absence of any agreement or understanding that the earnings of the stock is credited to the person who holds the stock. Groves had purchased this stock of Childress. By the Court: Admit that; what is the next? .By Mr Brown: He stated to the plaintiff in this case that surplus earnings was to Childress's credit, and that Childress had a right to sell it and transfer it. By the Court: Admit that. By Mr. Brown: Relying on that, plaintiff went and bought it, and

paid for it, and never received any credit. On the contrary the evidence shows. I think, that Groves got the benefit of it. By the Court: That is what I want to know is where Groves got the benefit of it. By Mr. Brown: I think the evidence shows that. By the Court: The statement he made was that if he could not show where he had paid it that he would pay it. He did not say he had appropriated it to his own use, and you only allege that Groves kept it. I am satisfied that you have no case against the defendant. The demurrer to the evidence will be sustained."

After a careful review of the evidence as disclosed by the record, we are of the opinion that the evidence fails to show that Mr. Groves appropriated the money to his own use. Primarily the bank was liable to the plaintiff for the dividends and profits due upon the stock purchased from Mr. Childress. We have no doubt that if the evidence showed that Mr. Groves, as cashier of the bank, or individually, converted to his own use the money belonging to the plaintiff, he would be liable for the amount in a suit for conversion; but the mere fact that he failed to give the plaintiff credit on the books of the bank for an amount which was admittedly due him from the bank in no way tended to prove the conversion of the fund, nor did such omission relieve the bank of its liability for the amount due.

As there is no evidence in the record reasonably tending to show a conversion of the fund by the defendant, the demurrer to the evidence was properly sustained, and the judgment of the court below must be affirmed.

All the Justices concur.