## MOPPIN *et al.* v. NORTON.

No. 3013.    Opinion Filed January 13, 1914.

(137 Pac. 1182.)

1. **TRIAL—Demurrer to Defendant's Evidence.** Whenever all the evidence and the reasonable and rational inferences and deductions therefrom in favor of the defendant, taken as true, will warrant a verdict in his favor, it is error for the court to sustain plaintiff's demurrer to such evidence.

2. **TENANCY IN COMMON—Recovery of Land—Necessary Parties.** One tenant in common may maintain an action for the recovery of real property against a third person; but his recovery is limited to such interest in the premises as he proves title in himself superior to that of defendants.

(Syllabus by the Court.)

*Error from District Court, Seminole County;
Tom D. McKeown, Judge.*

Action by Sam Norton against George Moppin and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*J. A. Baker,* for plaintiffs in error.

*Crump, Fowler & Skinner,* for defendant in error.

LOOFBOURROW, J. In May, 1905, Minerva. Moppin executed an instrument in writing in form a general warranty deed, whereby she conveyed to C. M. Rodman and Sam Norton 40 acres of land situated in the Seminole Nation. In April, 1910, Sam Norton, one of the grantees, commenced this action for the recovery of said real property; issues were joined, and the case tried in the district court of Seminole county.

Minerva Moppin testified: That this land was allotted to her. That she could not read or write. That her son, at the time this deed was executed, was in jail in Tecumseh, and that she wanted to obtain $100, with which to pay an attorney for services rendered in behalf of said son. That she went to Konawa to a notary public, Mr. Mathis. That she told him she wanted to make a mortgage for $100 to Mr. Norton. That she signed the instrument, and delivered it to another son, Lane Osborne, who took the instrument to Tecumseh, and delivered it to Norton. That afterward Norton came down to the place. She had a conversation with him. He looked over the land, and told her:

"The ground bad. I don't want your land. It has a lease on it, and I can't do anything with it without I buy it out, and that would cost me more than the land is worth, and you can pay me the money when you get it"

—to which she replied that she did not have any money, and that she would pay him when she could. That she never received any money from this transaction. That Norton did not claim that she had sold him the land. That he said he did not want it. That he said, "You pay me the money, Grandma, when

you get it." That she did not know the instrument she signed was a deed; she thought it was a mortgage.

Alice Moppin testified that she is the daughter of Minerva Moppin; that she knew Sam Norton about three years; the first time she saw him was at her mother's house; that on that occasion he came to see her mother about the land; heard him tell her mother that he did not want the land; that he told her mother she could pay him whenever she got the money.

It is admitted that, if Lane Osborne had been present, he would have testified that the deed made by his mother, Minerva Moppin, to Sam Norton was and is only a mortgage to secure the payment of $100 loaned by Norton to Minerva Moppin; that he was present at the time, and knows this of his own personal knowledge.

Thereupon defendants rested, and the plaintiff demurred to defendants' evidence, which demurrer was by the court sustained, and judgment entered in favor of plaintiff, Norton, and against defendants Moppin and others. From this judgment, defendants appeal, and ask for a reversal of said judgment, for the reasons, first, "that the court erred in sustaining the demurrer to defendants' evidence, and withdrawing the case from the jury, and rendering judgment himself;" second, defendants contend "that the evidence on the part of the plaintiff was not sufficient to authorize a recovery in this case."

As to the first question, the test is whether or not all the evidence and the reasonable and rational inferences and deductions therefrom in favor of the defendants, taken as true, will warrant a verdict for the defendants. Applying this test to the evidence in the case, we think that the ruling of the trial court in sustaining the demurrer and taking the case from the jury was error. See *Pittman v. Reno,* 4 Okla. 638, 46 Pac. 495; *Archer v. United States,* 9 Okla. 569, 60 Pac. 268; *McCormick v. Bonfils,* 9 Okla. 605, 60 Pac. 296; *Sanders v. Chicago, etc., Ry. Co.,* 10 Okla. 325, 61 Pac. 1075; *Yingling v. Redwine,* 12 Okla. 64, 69 Pac. 810; *Watkins v. Havighorst,* 13 Okla. 128, 74 Pac. 318; *Norman v. Groves,* 22 Okla. 98, 97 Pac. 561; *Cole v. Missouri, K. & O. R. Co.,* 20 Okla. 227, 94 Pac. 540, 15 L.

R. A. (N. S.) 268; *Missouri, K. & T. Ry. Co. v. Walker,* 27 Okla. 849, 113 Pac. 907; *Shawnee Fire Ins. Co. v. Thompson,* 30 Okla. 466, 119 Pac. 985.

As to the second proposition, counsel for plaintiffs in error, in their brief, say: "Is the evidence on the part of the plaintiff such as to authorize the recovery?" This question of fact is one to be determined by the jury in a retrial of the case; but the argument of counsel proceeds upon the theory that, since both Norton and Rodman are named in the deed as grantees, and the action is for the recovery of the entire property described in the deed, Norton alone cannot, as a matter of law, maintain the action.

Norton and Rodman are, under the deed, tenants in common. Chancellor Kent says:

"They [tenants in common] are deemed seised *per my,* but not *per tout.* They are separately seised, and there is no privity of estate between them."

Norton and Rodman are not so united in interest that they must be joined as plaintiffs in order to determine the controversy between Norton and plaintiffs in error. While, as tenants in common, each has an undivided interest in each and every part and parcel of the land, still each has a separate and distinct freehold—one has no more interest in the title of the other than a stranger. Since Rodman is not a plaintiff, presumably he prefers that defendants remain in actual possession than that the possession be given Norton. Norton alone can maintain the action; but his recovery is limited to such interest in the land in which he proves title or right of possession in himself superior to that of the defendants.

Bliss on Code Pleading, sec. 25, discussing statutes like section 4690, Rev. Laws 1910, says:

"This section of the statute just considered is permissive only; parties are not required to join as plaintiffs unless they are 'united in interest'—that is, have a joint interest—and consequently tenants in common sue severally at their option, each for his own interest. It would seem, however, in the absence of statutory authority, that they must all join for the whole tract, or each must sue for his individual interest."

For authorities supporting this doctrine, see *Mattis v. Boggs,* 19 Neb. 698, 28 N. W. 325, in which the Supreme Court of Nebraska, construing sections 29, 40, and 42, Civil Code of Nebraska, which are the same as sections 4681, 4690, and 4692, Rev. Laws 1910, held:

"Tenants in common may join in an action for the possession of real estate held by one without title, or they may sue severally and recover according to their several interests."

Also, see, *King v. Hyatt,* 51 Kan. 504, 32 Pac. 1105 [37 Am. St. Rep. 304]; *Hines v. Trantham,* 27 Ala. 359; *Lowery v. Rowland,* 104 Ala. 420 [16 South. 88]; *Butrick v. Tilton,* 141 Mass. 93, 6 N. E. 563; *Mobley v. Bruner,* 59 Pa. 481 [98 Am. Dec. 360]; *Marshall v. Palmer,* 91 Vt. 344, 21 S. E. 672 [50 Am. St. Rep. 838]; *Cruger v. McClaughry,* 51 Barb. [N. Y.] 642; *Hasbrouck et al. v. Bunce et al.,* 62 N. Y. 475; *Sanford v. Sanford,* 58 Ga. 259; *Williams v. Coal Creek M. & M. Co.,* 115 Tenn. 578 [93 S. W. 572, 6 L. R. A. (N. S.) 710, 112 Am. St. Rep. 878], also reported in 5 Ann. Cas. 824, with notes.

The judgment of the trial court is reversed, with directions to proceed in accordance with this opinion.

All the Justices concur.