# MARIA DOLORES DEL ROSARIO et al., Plff.,

## *v.*

# MATEO RUCABADO ARGUMOSA, Dft.

---

San Juan, Law, No. 1157.

#### SUIT BY HEIRS.

Pleading—Parties.
> 1. Where it appears on the face of the complaint that certain parties have no interest in the action they cannot be joined as plaintiffs.

Parties—Action for Undivided Interest in Land.
> 2. An owner of an undivided interest in land can bring an action in ejectment to recover his undivided interest.

Appeal—Local and Federal Courts.
> 3. Where the Supreme Court of Porto Rico has affirmed a case, the situation of the pleadings becomes the law of the case, and should not be disturbed in a suit in the Federal court growing out of the cause of action in the local court.

Rosario v. Argumosa.

Inheritance—Payment of Decedent's Debts.
> 4. Under civil law the debts of the decedent must be paid or provided for before there can be a division of the inheritance.

Real Action—Prescription.
> 5. An action to recover the land itself is a real action, and the period of prescription is thirty years.

Opinion filed December 2, 1916.

---

*Messrs. Damian Monserrat & F. Antonsanti* for plaintiffs.

*Messrs. Muñoz & Brown* for defendant demurring.

HAMILTON, Judge, delivered the following opinion:

This is entitled a suit in ejectment and for rents, and which is practically the English equivalent of the action known in the Spanish and Porto Rican law as "acción reivindicatoria" for lands. This, unlike the common-law suit in ejectment, is a real action, that is to say, it is a suit for the thing, and not against a person for damages. See opinion in Berio v. Gay, November 27, 1916, ante, 224.

The demurrer in the case at bar raises several questions.

1. It is claimed that the complaint shows a defect of parties defendant in that the natural children of plaintiffs' ancestor are not joined. Under the Civil Code, § 904, "succession pertains, in the first place, to the descending direct line."

"Sec. 905. Legitimate and acknowledged illegitimate children and their issue succeed to their fathers and other ancestors without distinction of sex or age, and even though they proceed from different marriages."

Rosario v. Argumosa.

"Sec. 913 (1). In default of legitimate descendant or ascendant, the natural children legally recognized shall succeed the deceased in the whole of the inheritance."

The complaint shows in paragraph V. that the local district court of Guayama awarded an interest in property to certain natural children of the decedent, whereby "the hereditary portion of the complainants herein became reduced to a one-third undivided interest in all the estate, both real and personal, of the said Luz Maria del Rosario Torres." This is apparently the reason why the demurrer claims that these natural children should be joined as parties. The suit at bar, however, is for the undivided third interest of the plaintiffs, who under the complaint are the legitimate children of the said Rosario. The natural children spoken of have on the face of the complaint no interest in this one third. Whether the suit may be for a third interest is raised in another part of the demurrer, and will be discussed later. Suffice it that the said natural children have no interest in the suit as now framed.

2. The demurrer raises in three different ways the question whether there can be a suit for an undivided interest. Thus, the complaint is claimed to be bad, because the land sought is not identified, because there has been no division of the common property, and because the title set up is that of heirs. These allegations seem to raise substantially the same point, that is to say, that, where an estate has not been divided, one heir cannot sue alone. Velilla v. Pizá, 17 P. R. R. 1069; Martinez v. Porto Rico R. Light & P. Co. 20 P. R. R. 381, 385. In the case at bar, however, the allegation of the complaint is that there has been a declaration of heirship in favor of the plain-

tiffs for the one-third interest for which they sue. Whether this be always the proper procedure would be immaterial.

Whether ejectment lies for an undivided interest at common law has been a matter of dispute. According to some authorities, there cannot be a recovery of an undivided interest. Tillinghast, Adams, Ejectment, 211, notes. On the other hand, it has been held that a cotenant may recover his share. Blanchard v. Floyd, 93 Ala. 57, 9 So. 418; Hines v. Trantham, 27 Ala. 359. Indeed, if one tenant ousts his cotenant, the suit must necessarily be for the undivided interest from which the cotenant is ousted. So, if a stranger ousts a cotenant of the enjoyment of his share, the suit can only be by the injured cotenant for the share in question. In the case at bar the allegations in the complaint show an ouster by the defendant of all the interest the plaintiffs had, to wit, an undivided third interest in a certain piece of land. It would be difficult to understand how the other cotenants are injured by this, and how, therefore, they could bring suit therefor, or how there should be any reason for the joinder of all parties making up the total ownership. Under § 51 of the Code of Civil Procedure of Porto Rico, "every action must be pursued in the name of the real party in interest." It would seem, moreover, that this Code provides for a suit by some of the cotenants of property. Section 68 of the Code of Civil Procedure provides as follows:

"All persons holding a common interest in property, or any number less than all, may jointly or severally commence or defend any civil action or proceeding for the enforcement or protection of the rights of such party or parties."

3. Upon the allegations of the bill of complaint, moreover,

it would seem that this point has already been considered, and that what might be called the law of this case has already been fixed, so far as relates to pleadings. The complaint recites proceedings in the local district court at Huacao, at Guayama, and on appeal in the local Supreme Court. The report in the Supreme Court of Porto Rico as found in the Spanish edition 23, Decisiones de Puerto Rico, p. 473, shows in some respects a divided court on a rehearing of the appeal. The chief justice and one associate voted to reverse the case as appealed by the defendants Rucabado, while two other justices held for affirmance. The remaining justice had been the judge below, and he could not take part in the decision. There are, therefore, two opinions, with the net result of affirmance for lack of disaffirmance. Two justices held that Longpré v. Diaz y Quiñones, 237 U. S. 512, 59 L. ed. 1080, 35 Sup. Ct. Rep. 731, controlled the case, and two that it did not apply to the case. The case was by the parties now before this court, and affected the same interest now before this court. The action in the local court being affirmed, the situation of the pleadings so affirmed becomes the law of the case and should not be disturbed in a suit in this forum growing out of the cause of action in the local court.

4. There is no doubt about the civil law principle enunciated by Manresa, 7 Commentaries, 756, to the effect that debts of the decedent must be paid before there can be a division of the estate among the heirs. In the Longpré Case the debt for which the property was adjudicated by the proceeding which was avoided was taken care of by an agreement upon the trial. In effect, the land was charged with the debt, and its recovery was subject to the payment thereof. This is a matter of procedure, and there may be some difficulties in working it out, especially

Rosario v. Argumosa.

in a common-law proceeding in ejectment. Possibly the Long-pré Case is not to be taken as deciding anything on this point, inasmuch as, the debt having been taken care of, there would, in this respect, be error without injury, if it is to be considered error at all. The Longpré Case decided that, where a minor's interest in the estate had been adjudicated to a creditor without previous approval of the court, the proceeding is void upon its face, not even needing a decree of nullity, and that the minor may recover his interest by a suit in ejectment. This, however, is not to be held as setting aside in any way the provision of the Civil Code, § 1049, "that creditors recognized as such may oppose the division of the inheritance until they are paid or the amount of their credits is secured," or other provisions as to how this may be effected. This is substantially the principle announced in the Partidas that "the succession and goods and rights of a decedent is that, after taking out the debts which he owes and the things which belong to someone else." Law VIII., title 33, Partidas 7. The usual procedure is the appointment of appraisers, inventory, valuation, payment of debts, and division. It would not be wise to pass upon such matters of procedure at this stage of the case. The general principle, however, should be recognized that a decedent's debts must be paid or provided for before his property passes out of the stage of an estate or succession. Subsequent pleadings may show how this can be done, or may present an entirely different state of facts.

5. This, being a real action for the land itself, is not barred under § 1869 (1) of the Civil Code, which refers to actions for the recovery of possession alone. Real actions with regard to real property prescribe after thirty years. Civil Code, § 1864.

The demurrer must be overruled and it is so ordered.