### WILLIAMS v. WILLIAMS.

No. 10792—Opinion Filed Oct. 3, 1922.

(Syllabus.)

**1. Replevin—Gist of Action.**

In an action for the recovery of specific personal property the gist of the action is

the right to the immediate possession of the property.

**2. Same—Claim of Ownership—Evidence of Title.**

Where the plaintiff in a replevin action alleges ownership of specific personal property and bases her right to the immediate possession thereof upon such claim of ownership, it is incumbent upon such plaintiff, in order to maintain her action, to offer testimony which tends to establish title to the property in the plaintiff.

**3. Trial—Demurrer to Evidence.**

Where the plaintiff in making out her case in chief fails to prove sufficient facts to entitle her to recover, but on the contrary proves a state of facts that preclude her from recovering, and the defendant interposes a demurrer to the testimony of the plaintiff, such demurrer should be sustained.

Error from District Court, Greer County; T. P. Clay, Judge.

Action in replevin by Hattie Williams against Lee Williams to recover possession of a horse. Verdict and judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

Frank Eagin, for plaintiff in error.

Vandyke & Arnett, for defendant in error.

MILLER, J. This is an action in replevin instituted in the justice court before Milton Carver, a justice of the peace of Granite township, Greer county, Okla., by Hettie Williams, as plaintiff, to recover from Lee Williams, as defendant, specific personal property, to wit, a horse named Prince, of the value of $100.

A change of venue was granted to the justice court of T. F. Morrow, where the case was tried to a jury, which resulted in a verdict in favor of the plaintiff for the return of the horse and for damages in the sum of $20. Lee Williams, as defendant, appealed to the district court of Greer county, where the case was again tried to a jury, which resulted in a verdict in favor of the plaintiff for the return of the horse or the value thereof in the sum of $100, and no damages were allowed. Thereupon the court rendered judgment in accordance with the verdict of the jury. The defendant filed his motion for a new trial, which was overruled by the court. He perfected this appeal and appears here as plaintiff in error.

Four specific assignments of error are set out in the petition in error, only two of which are discussed in the brief. The first one discussed is "That the court erred in not sustaining the demurrer of the plaintiff in error to the testimony of the defend-

ant in error." The other error discussed in the brief is "Error of the court in overruling the motion for a new trial." It will only be necessary for us to consider the first assignment of error.

Hettie Williams, the defendant in error, testified, in substance, as follows: That the horse, Prince, belonged to Ed Williams, who was the brother of defendant in error, Hettie Williams. She, acting as the agent of her brother, sold the horse to her father, Kay Williams, and delivered possession of the horse to him. Her brother told her their father could set the price on the horse, and he set it at $100. Kay Williams had possession of the horse from that time on until he delivered possession of the horse to Lee Williams, the plaintiff in error, and Lee Williams had been in possession of the horse something over one year before this action was brought. About six months after the sale of the horse to Kay Williams, Ed Williams died, and Hettie Williams claimed title to the horse by having purchased it from the heirs of Ed Williams, deceased. She claims in this action that her father had not paid for the horse.

Under her own testimony she cannot recover. Ed Williams did not have any title to the horse at the time of his death, therefore his heirs did not have title, and Hettie Williams could not acquire title from his heirs. In an action for the recovery of specific personal property the gist of the action is the right to the immediate possession of the property. This right may be based upon absolute ownership, or a special ownership, or special interest coupled with the right to the immediate possession. The plaintiff must plead either an absolute ownership, special ownership, or special interest, and state the facts relating thereto. See paragraph 2 of section 4799, Revised Laws of Oklahoma, 1910.

In this action the defendant in error, plaintiff below, based her right to the possession of the property upon her absolute ownership of the horse. In order for her to maintain her action it was necessary for her to prove that she was the owner of the horse in controversy. This she failed to do. On the contrary, her own testimony established as a fact that she was not the owner of the horse and did not have any title to it. Where the plaintiff, in making out her case in chief, fails to prove sufficient facts to entitle her to recover, but on the contrary, proves a state of facts that precludes her from recovering, and the defendant interposes a demurrer to the testimony of the plaintiff, such demurrer should

be sustained. Norman v. Groves, 22 Okla. 98, 97 Pac. 561; Sanders v. C., R. I. & P. Ry. Co., 10 Okla. 325, 61 Pac. 1075; Archer et al. v. U. S., 9 Okla. 569, 60 Pac. 268; Pringey v. Guss, 16 Okla. 82, 86 Pac. 292; Yingling v. Redwine, 12 Okla. 64, 69 Pac. 810.

The judgment of the trial court is reversed. and this cause is remanded, with instructions .to sustain the demurrer of Lee Williams to the evidence of the plaintiff below and render judgment accordingly.

KANE, JOHNSON. McNEILL, KENNAMER. and NICHOLSON, JJ., concur.