## LONDONER et al. v. STEWART.

1. In an action to recover money received by defendants for plaintiff under a written contract between the plaintiff and a third party, such writing is material and competent evidence to show the amount of money so received by defendants, and the way in which it became due.

2. But if the contract is in any way defective, defendants cannot rely upon such defects.

3. The circumstance that a writing is without the jurisdiction is not of itself sufficient to support secondary evidence of its contents; some effort should be made to obtain the writing before parol evidence of its contents is offered.

*Appeal from the District Court of Arapahoe County*

THE plaintiff had judgment, for the reversal of which this appeal is prosecuted. The questions discussed are upon the admission of certain evidence, which is sufficiently stated in the opinion of the court.

Messrs. MILLER, BECK & CLOUGH, for appellants.

Mr. THOMAS M. PATTERSON, and Mr. CHARLES S. THOMAS, for appellee.

HALLETT, C. J. It appears that Stewart, plaintiff below, contracted with the Kansas Pacific Railway Company to deliver to the latter 50,000 ties at the rate of forty-eight cents per tie, the same to be paid for as they should be delivered in lots of 5,000. Under this contract part of the ties were delivered to the railway company, and defendants (plaintiffs in error), acting under written authority from Stewart, collected the money, which became due therefor.

This action was brought to recover the amount so collected. At the trial plaintiff offered the contract between the railway company and himself, under which the ties were delivered, and which appeared to have been signed by a superintendent of division, in the name of the company.

Defendants objected that it was not material to the issue, and that the authority of the superintendent to sign for the company was not shown.

Upon this, it is sufficient to say that the contract was the basis of the dealings between the parties, and was necessary to explain them. It would be difficult to under-stand the transaction between the parties without referring to this contract, and if it was defective in any particular, defendants could not rely upon such defects in this action.

It was introduced for the purpose of showing how money became due to plaintiffs from the railway company, and the amount thereof. And if defendants received money from the company according to its terms, it is not material in this action to inquire whether it was properly signed.

Secondary evidence of the contents of the power of attorney under which defendants collected the money was offered and received, and it is contended that proper foundation therefor was not laid. Notice to produce the authority was served on defendants' attorneys the day before the trial, in answer to which defendant Wolf Londoner, to whom the writing was delivered by plaintiff, testified that it was to be, and in fact was delivered to the railway company in November, 1872; that he handed it to one Lyman, who, it seems, was an agent of the company, and the latter sent it to St. Louis; that the witness had not at any time seen the instrument since he so delivered it to Lyman.

Mr. Thomas, for plaintiff, deposed that in December, 1873, he demanded the same writing of defendant Wolf Londoner, and that he, the defendant, then declared that he had delivered the same to one Stout, upon an order from the plaintiff, a few days previously.

Upon this evidence it is clear that defendants were not in possession of the power of attorney at the time of trial, nor for a considerable time before the trial, and that plaintiff was aware of that fact. The witnesses agree upon that point, and the plaintiff afterward additionally proved it by the testimony of Mr. Fisher, who was in charge of the railway company's affairs at the time of these trans-

actions. According to Mr. Fisher, plaintiff and defendant Wolf Londoner approached him soon after the contract for ties was made, and desired to make an arrangement by which Londoner could draw pay for the ties; the witness informed them that it was necessary for them to execute a power of attorney to be filed with the agent of the company.

In the ordinary course of business, an attorney in fact will retain the letter by which he is authorized to act, but here it seems to have been understood that it should be delivered to the railway company.

Whether it was in fact so delivered, or was retained by defendants until demanded by Stout, as mentioned by the witness Thomas, is not material to our present inquiry. If it was not in defendants' keeping, and plaintiff was apprised of the fact, notice to them to produce it was entirely useless.

To search for the letter of attorney in the place where he knew that he could not find it cannot be accepted as a reasonable showing of diligence on the part of the plaintiff.

With this we may dismiss the notice to produce the letter of attorney, and add that the evidence shows that it was delivered to Mr. Stout, as the agent of plaintiff, or more probably, to the agent of the railway company, and by him transmitted to the principal office of the company in St. Louis, Mo.

No effort was made to trace it further, and of course, if it was in the hands of Stout, or the plaintiff, and within the jurisdiction of the court, it should have been produced at the trial. Assuming, however, as counsel maintained, that it was sent to St. Louis, Mo., and that it was beyond the jurisdiction of the court at the time of the trial, it is said that secondary evidence of its contents was competent without any effort on the part of the plaintiff to obtain the instrument. Adjudged cases may be found which seem to support that view, and the proposition is somewhat broadly stated in a recent opinion of the supreme court. *Burton v. Driggs*, 20 Wall. 134.

VOL. III — 7.

The question presented in that case was, as to a copy of a deposition, duly authenticated, the original having been lost, and it was held that such copy was properly received in evidence.

When applied to the question then before the court, the language of the opinion cannot be regarded as affirming the doctrine that a writing which is beyond the jurisdiction of the court may in all cases be proved by parol.

The cases usually cited in support of that doctrine are to the effect, that under some circumstances a copy of an instrument may be used when the original is beyond the jurisdiction, which is a very different proposition. *Shepperd* v. *Giddings*, 22 Conn. 282; *Bailey* v. *Johnson*, 9 Cow. 114; *Mauri* v. *Hoffman*, 13 Johns. 58; *Eaton* v. *Campbell*, 7 Pick. 10.

Where an effort has been made to obtain the original instrument, or from the lapse of time or other circumstances, it appears that such effort would be unavailing, it is quite reasonable and just to allow a copy to be used, or if that cannot be obtained, parol evidence. But the principle that the best evidence of an act or transaction shall be produced is of some value in the administration of justice, and it is quite as applicable to the case where a paper is beyond the jurisdiction of the court as to any other. It is true that in such case the court has no means of compelling the production of a paper in a foreign jurisdiction, but a way has been provided for taking depositions, which is usually effectual to obtain the paper, or a copy. All that the law demands in such case is that diligence should be used to obtain the original, before resorting to uncertain memory, which is often at fault, or interested in the result. *Shaw* v. *Mason*, 10 Kan. 184; *Townsend* v. *Atwater*, 5 Day, 306.

The evidence in the record shows that the power of attorney was intended to be lodged with the railway company, and plaintiff was informed of the fact. His counsel had demanded the instrument of defendants nearly a year before the trial, and had been informed that they did not

have it, and his notice to defendants to produce it was meaningless. We think that he should have made some effort to obtain the instrument, and that until he did so, parol evidence of its contents could not be received.

If the letter of attorney had been for the collection of money only, some doubt would arise as to its materiality. For in such case the authority upon which the money is received is collateral to the main question, and it may well be said that if a party has received money belonging to another, he cannot allege in his defense that he had no authority for taking it, or that his authority was not properly shown.

But here the authority was to pay out upon plaintiff's orders, as it is said, as well as to collect money, and a question is made in argument whether, by the letter of attorney, defendants were authorized to discount certain drafts or acceptances of the railway company, in plaintiff's behalf.

Upon this it seems to be impossible to adjust the rights of the parties without referring to the letter of attorney, and for that purpose we ought to have the instrument itself, if it can be obtained. 2 Phil. Ev. 513.

The weight and effect of the evidence in the cause will be considered at another trial, and it is not necessary or proper to express an opinion upon it.

The judgment is reversed with costs and the cause remanded.

*Reversed.*