JOSEPH C. PRINGEY, AND GEORGE W. PRINGEY v. U. C. GUSS

(Filed September 7, 1905.)

1  WRITTEN CONTRACTS—Secondary Evidence of,—Not Admissable
When. Secondary evidence of the contents of a written contract
is not admissable even when such instrument is in the possession
of one not a party to the suit and who lives in another state, with-
out first showing that such instrument is lost, or beyond the control
of the party wishing to prove the terms thereof.

2.  DEMURRER TO EVIDENCE—Should be Sustained, When. A
demurrer to plaintiff's evidence should be sustained when, tak-
ing the evidence as a whole, it would not support a judgment in
favor of such plaintiff.

(Syllabus by the Court.)

*Error from the District Court of Lincoln County; before
John H. Burford, Trial Judge*

*Decker & Decker* and *Cotteral & Horner,* for plaintiffs
in error.

*Hoffman & Embry* and *Henry E. Asp,* for defendant in
error.

Opinion of the court by

BURWELL, J.: This is an action by the plaintiffs in
error against U. C. Guss to declare a resulting trust; it being
the contention of the appellants that the appellee purchased
the s. e. 1-4 of sec. 9, twp. 15, n. of r. 5 east in Lincoln
county, Oklahoma from J. E. Ross, the former owner of the
legal title with full knowledge that he had, prior thereto,
sold it to these appellants, and received a part of the purchase

price therefor. The contract of sale under which appellants' claim was signed in duplicate by Joseph C. Pringey, and Mrs. Ida Ross (wife of J. E. Ross), and sent to J. E. Ross for his signature. Pringey never received either of them, but he contends that he received letters from J. E. Ross accepting the terms of the contract, and that he is bound thereby; but the letters received by Pringey and offered in evidence, do not alone constitute a sale of the land. It is impossible to determine from them what the terms of sale were; hence the absolute necessity on the part of the appellants to prove the contract of sale. The evidence clearly showed that the original contracts were last in the possession of J. E. Ross, who lived at Genoa, Nebraska; and because Ross lived outside of Oklahoma Territory, the appellants sought to introduce a carbon copy of the contracts without any showing of diligence to procure the originals or one of them. The trial court excluded the carbon copy, and finally, when the appellants rested, a demurrer was sustained to the evidence and the cause dismissed at plaintiffs' cost. In both of these rulings the court was correct. Without proving the contract, the plaintiffs could not recover, and they could not use an unsigned carbon copy without first showing diligence to procure the original.

The appellants cite the case of *Burton v. Driggs*, 87 U. S. 134, in which Justice Swayne says:

"It is well settled that if books or papers necessary as evidence in a court in one state be in the possession of a person living in another state, secondary evidence, without further showing, may be given to prove the contents of such papers, and notice to produce them is unnecessary."

This language is strong, and if the point involved were the same as the one before us we would feel bound to follow the rule as stated by the learned justice. But the cases are different, and the language just quoted was used by Justice Swayne as a matter of argument to justify the use of a copy of a deposition, which was certified to by the clerk of the trial court, upon proof that the original, which had been filed with the clerk, had been lost. The witness lived in another state. The deposition had been taken under the rules as provided by law, and the admission of the copy was justified upon the ground that "for all jurisdictional purposes, he (the witness) was as if he were dead." And the court further said that, as the original deposition was lost, "there was nothing to prevent the operation of the general rule as to proof touching writings lost or destroyed. The deposition was one of the files of the case. The plaintiff was entitled to the benefit of the contents of that document. Having been lost without his fault he was not bound to supply its place by another and a different deposition, which might or might not be the same in effect with the prior one." It will be seen from the language quoted that the certified copy was admitted because the original was lost without fault of the party seeking to introduce the copy, and could not be produced by him. We do not contend that, where a written instrument is only collaterally involved, and the original is in the possession of another in a different state, in no circumstances can secondary evidence be admitted to prove its contents; but where a party can only recover under a contract, that is, where the contract itself is directly involved, secondary evidence will not be received, until it be first shown that the original is lost, or beyond the control of the party wishing

to prove its contents; and the supreme court of the United States, in the case of *Turner v. Yates,* 16 Howard 26, clearly adopted this rule. One of the parties sought to prove by secondary evidence the contents of an invoice which was at the time in London, Mr. Justice Curtis said:

"If the paper was in the hands of the consignees in London, secondary evidence was not admissible. For it was not within the written agreement to produce papers which applied only to those in the possession of plaintiff; and though the plaintiff was an agent of these consignees, and seems to have been suing for their benefit, yet aside from the written agreement, they must be treated either as parties or third persons. If as parties, they were entitled to notice to produce the paper; if as third persons, their depositions should have been taken, or some proper attempt made to obtain it."

It is true that there are authorities to the contrary, but the rule herein announced appeals more strongly to our view of what the law ought to be, and we find it supported not only by the supreme court of the United States, but by other courts of high standing. *John Kearney v. The Mayor of the City of New York,* 92 N. Y. 617; *Shaw v. Mason,* 10 Kans. 184; *Dickenson v. Breeden,* 25 Ill. 167; *McGregor v. Montgomery,* 4 Penn. St. 237; *Londoner, et al v. Stewart,* 3 Colo. 47; *Wood v. Cullen,* 13 Minn. 394.

The contract not having been proved, the evidence introduced upon the trial was not sufficient to support a judgment in favor of the plaintiffs, and the demurrer to their evidence was properly sustained.

The judgment of the lower court is hereby affirmed, at the cost of appellants.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.