## BELL v. LYNDE-BOWMAN-DARBY CO.

### No. 2630. Opinion Filed May 20, 1913.

#### (132 Pac. 477.)

**TRIAL—Direction of Verdict—Evidence.** When the evidence given at the trial in favor of plaintiff, with all the inferences that the jury can reasonably and legally draw from it, is insufficient to support a verdict for the plaintiff, a demurrer to the evidence should be sustained and a verdict directed for defendant.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

Action by H. E. Bell against the Lynde-Bowman-Darby Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*George A. Murphy* and *W. W. Noffsinger,* for plaintiff in error.

*Roach & Bradley,* for defendant in error.

HAYES, C. J. This action was commenced in the court below by plaintiff in error, hereinafter referred to as "plaintiff," as a real estate broker to collect a commission for the sale of a tract of land for defendant in error, hereinafter referred to as "defendant." At the trial, the court sustained a demurrer to plaintiff's evidence; and this act of the court constitutes the sole ground urged for reversal of the cause.

Defendant is a corporation, and, in the month of August preceding the trial of this cause, it listed with plaintiff in error for sale certain tracts of land, among which was one quarter section listed at $40 per acre, with the agreement that, if plaintiff sold same at that price, he was to receive as his commission the sum of $5 per acre. The evidence establishes that plaintiff procured a prospective purchaser, who offered $35 per acre. Plaintiff attempted to submit this proposition to

the defendant company over the telephone, but was unable to obtain the officers of the company. He submitted his proposition to a clerk in the office, who asked plaintiff if he would take $1 per acre as his commission for the sale at $35 per acre; whereupon plaintiff informed him that he could not handle it for less than $2 per acre. In reply, the clerk told him that the company would have to have $35, and he was then asked by plaintiff if it would be possible for plaintiff to get his commission and get a purchaser for $37.50, would the company accept; and he was informed by the clerk that it would be all right, if plaintiff wanted to get his commission out of the purchaser. Plaintiff thereupon contracted the land to the prospective purchaser at $37.50 per acre; but the company refused to convey the land to the proposed purchaser. Plaintiff does not contend that he has any right to recover under the original contract by which the land was listed with him, but under his contract as modified by the subsequent conversations with the defendant's clerk or agent over the telephone. The trial court sustained a demurrer to plaintiff's evidence upon the ground that it failed to establish that the clerk, by whom plaintiff's original contract with defendant was modified, had any authority to make such agreement for the company. After careful examination of the record, we are of the opinion the court committed no error in so holding. The clerk, with whom plaintiff claims to have modified the original contract, testifies relative to his authority as follows:

"Q. Tell the jury what was the scope of your duties there? A. To answer the telephone; make searches at the abstract office, looking over abstracts to see the condition of the titles to land, and when no one else was there, I was just in charge of the office; that was all. I did not have any authority to make any deals or anything of that kind. * * * Q. Did your authority there or not include the selling of lands belonging to the company, or making of terms for the sale of land? A. No; it did not."

There is no evidence contradicting the foregoing testimony of the clerk; and such other evidence as is in the record

bearing upon this question tends to confirm his testimony. He was not an officer of the company; nor was there any evidence introduced tending to show that he had generally exercised the authority, or had been held out by the company as its agent, empowered to exercise the authority which the evidence of plaintiff tends to establish he attempted to exercise in this case. It is plain that if he was without authority to modify the contract under which the land was originally listed for sale with plaintiff, since there is no compliance with the original contract, plaintiff was not entitled to recover, and the trial court committed no error; for, when the evidence given at the trial, with all the inferences that the jury can reasonably and logically draw from it, is insufficient to support a verdict for the plaintiff, if such verdict is returned, a demurrer to the evidence should be sustained, and a verdict directed for the defendant. *Pringey v. Guss*, 16 Okla. 82, 86 Pac. 292, 8 Ann. Cas. 412; *Scully v. Williamson*, 26 Okla. 19, 108 Pac. 395, 27 L. R. A. (N. S.) 1089, Ann. Cas. 1912A, 1265.

The judgment of the trial court is affirmed.

All the Justices concur, except DUNN, J., not participating.