## MOLINE PLOW CO. v. ADAIR.

No. 8925. Opinion Filed June 17, 1919.

Rehearing Denied September 16, 1919.

(Syllabus by the Court.)

**1. Courts — Jurisdiction — County Court — Amount in Controversy—Set-Off.**

Prior to the act approved March 9, 1917 (chapter 119, p. 184, S. L. 1917), county courts were without original jurisdiction in civil actions, where the amount involved, exclusive of interest, was less than $200; but where an action was filed prior to the above act for $89.90, interest. and attorney's fees. upon a promissory note, and the defendant filed a counterclaim for $325, the plaintiff filed a reply, and trial was had, held, the court had jurisdiction to try the counterclaim.

**2. Sales—Breach of Warranty—"Immediate Notice."**

A warranty providing, "if for any reason the machine should not appear to work properly on its first day's use by the purchaser, he must give immediate notice in writing to the dealer, stating in what respect he deems the machine to fail," held, that by the term "immediate notice" is ordinarily meant due diligence, in a reasonably prompt time, as the nature and the circumstances of the particular case demand.

**3. Sales—Breach of Warranty—Procedure.**

Where parties to a contract of sale stipulate what course shall be pursued by the vendee in the event the warranty fails, such provision must be followed by the vendee in seeking to enforce the warranty.

Error from County Court, Carter County; Thos. W. Champion, Judge.

Action by the Moline Plow Company against W. R. Adair, with cross-action or counterclaim by defendant. Verdict and judgment for defendant, and plaintiff brings error. Reversed and remanded.

A. Eddleman, J. W. Harreld, and Stephen C. Treadwell, for plaintiff in error.

Thos. Norman and Jas. H. Mathers, for defendant in error.

PITCHFORD, J. The plaintiff instituted this action in the county court of Carter county to recover upon a note in the sum of $89.90, with interest thereon and attorney's fees, and what is usually termed a title note. It was given as part of the purchase price of a binder. 'The plaintiff claimed a lien on the binder. and asked for a foreclosure of its lien and the sale of the property. The defendant, W. R. Adair, filed an answer, in which he admitted the execution of the note, but defended on the ground that the binder did not come up to the warranty contained in the contract of sale, and as a cross-action or counterclaim he set up that he lost a crop of wheat and oats, because he was unable to harvest the same with the defective binder, and claimed damages for the loss of the crop in the sum of $325. The plaintiff filed a reply to the counterclaim of the defendant. The defendant, having admitted the execution of the note, assumed the burden of proof. The case was tried to a jury on September 16, 1916, and a verdict returned in favor of the defendant in the sum of $100. Judgment was entered thereon, and motion for a new trial filed and overruled. The case comes to this court on appeal.

Plaintiff assigns as error the action of the court in overruling plaintiff's demurrer to the third paragraph of the defendant's answer, also the giving and refusal of various instructions by the court, and also the introduction of certain evidence. Suffice it to say we have examined the demurrer. together with the instructions and evidence complained of, and are unable to see wherein the substantial rights of the plaintiff have been affected thereby. The assignment as to the verdict of the jury being contrary to the evidence is a more serious proposition. At the threshold, however, we are confronted with this proposition; that is, whether or not the county court had jurisdiction to try the cause. At the time plaintiff filed its action herein, section 1816, Rev. Laws 1910, was in force, which gave the county court jurisdiction with the district court in all civil cases in any amount over $200, and not exceeding $1,000, exclusive of interest. There are a number of decisions by this court holding that the county court had no jurisdiction where the amount involved was less than $200. Section 1816, Rev. Laws 1910, was amended by act of 1917 (Sess. Laws, p. 184), giving county courts concurrent jurisdiction with the district courts in civil cases in any amount not exceeding $1,000, exclusive of interest. Section 2 of the 1917 act provides:

"All cases heretofore filed in the county courts for amounts of less than two hundred ($200) dollars shall be deemed to have been validly filed on the day the petition and præcipe for summons were filed, and the action shall be deemed to have been legally commenced on said day, and all proceedings had in the county courts in cases brought for less than two hundred ($200) dollars shall be deemed legal and valid, and any such case which has been dismissed on the ground of want of jurisdiction may be reinstated on motion, a copy of which motion shall be served by the applying party upon the opposite party or his attorney of record "

This act having been passed and approved subsequent to the trial of the cause in the lower court, we are not called upon to decide what effect the amendment would have upon matters passed upon prior thereto, or how matters pending in the county court would be affected. When the defendant filed his counterclaim for $325, being an amount at that time within the jurisdiction of the county court, and the plaintiff filed the reply thereto, then the court was clothed with full jurisdiction to try the counterclaim and for all purposes connected therewith. Section 4714, Rev. Laws 1910.

The warranty given by the plaintiff at the time of the sale of the machine and execution of notes was as follows:

"Each machine is warranted to be well built, of good material, and capable of doing good work on proper management in operating it. If for any reason the machine should not appear to work properly on its first day's use by the purchaser, he must give immediate notice in writing to the dealer from whom the machine was purchased, stating in what respect he deems the machine to fail, and must allow a reasonable time for a competent person to be sent to remedy the alleged defects; the purchaser to render necessary and friendly aid for that purpose. If then it cannot be made to work well, the purchaser shall return it at once to the dealer from whom he purchased it, and another machine shall be given and taken in its place, and this shall be a complete settlement between the purchaser and ourselves. No provisions of this warranty can be waived, altered, or modified in any respect by any dealer. Continuous use of the machine, or at intervals through the harvest season, or failure to notify as above, or to return the machine, as above provided, shall be deemed positive acceptance of it by the purchaser."

The next matter to be considered is: Does the evidence in the case entitle the defendant to a judgment for damages? We have not only examined the evidence set out in the briefs, but, in order to sustain the judgment of the trial court, we have carefully gone over the entire evidence in the record, for we felt, if the defendant had been damaged and had lost his oat crop, as alleged, by purchasing a binder which completely failed to do the work guaranteed, having relied upon the warranty of the plaintiff, he (the defendant) would be entitled to recover all the damage he sustained resulting from the failure of the binder to do the work for which it was purchased, and which it was warranted to do.

We find two notes were executed by the defendant on the 8th day of June, 1915, the date upon which the binder was received. These notes were for $85 each, payable, the first on the 1st day of September, 1915, and the second on the 1st day of September, 1916. The plaintiff at the same time executed the warranty above mentioned. After the defendant received the machine, to wit, the 8th day of June, 1915, he tried to operate the same, but without satisfactory results. On the Sunday following he made a further attempt, but did not succeed. Thereafter he used the machine in cutting grain for some of his neighbors, and found on every occasion it would not work as warranted; in fact, so far as we can gather from the evidence, it failed in all respects to be as warranted. It was the duty of the defendant, on the first day's use of the machine, if it failed to work properly, to give immediate notice in writing to the dealer. The dealer was entitled to have this notice given. He then would have had an opportunity to remedy the defect, but we find that no notice was given until the 26th day of June, 13 days thereafter, notwithstanding the defendant lived between four and five miles from the dealer from whom the machine had been purchased. It was the duty of the defendant to give the notice required, and as required, and, if he failed to do so, he could not claim the damages sought. By the term "immediate notice" is ordinarily meant due diligence in a reasonably prompt time as the nature and the circumstances of the particular case demand, and the question of what is reasonable time is usually for the jury to ascertain from all the evidence in the case and under proper instructions. Horsfall v. Pac. Mutual Life Ins. Co., 32 Wash. 132, 72 Pac. 1028, 63 L. R. A. 425, 98 Am. St. Rep. 846; 21 Cyc. 1724.

But under the evidence in the case we are unable to conceive how the court could allow this verdict to stand under the notice given, nor is there any evidence showing that the defendant suffered any injury to his crops after the notice of the 26th of June. We have examined the authorities cited by the defendant, wherein damages were allowed in cases in some respects similar to this; but we find in each of the cases cited there was a substantial compliance on the part of the purchaser with the terms of the warranty, in that immediate notice had been given. True, the notice therein given was not in writing, but no objection was made to the notice being oral, and the purchaser was promised in each instance the defect would be remedied, and, relying on the promise so made, suffered loss, and it was held

that he was entitled to recover for the damages suffered.

In the case of Bishop-Babcock-Becker Co. v. Estes Drug Co., 63 Oklahoma, 163 Pac. 276, Mr. Justice Kane, delivering the opinion of the court, said:

"A person damaged by the breach of the warranty of the fitness of an article of personal property for a particular purpose may recover anticipated profits, where the business of which the plaintiff was deprived was contemplated, or can reasonably be presumed to have been contemplated, by the parties when the contract was made, and it is reasonably certain that gain or profit would have been derived therefrom, although the amount of such gain, to some extent, may be somewhat speculative and uncertain. It being apparent that some loss was suffered, it is then entirely proper to let the jury determine what the loss properly was, from the best evidence the nature of the case affords."

See Mackey v. Boswell, 63 Oklahoma, 162 Pac. 193; First State Bank of Mannsville v. Howell, 41 Okla. 216, 137 Pac. 657.

In Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209, the court said:

"Where a party purchases a piece of machinery under a contract which provided for a specific notice to be given the seller in case the machine proves unsatisfactory, held, that such notice is for the sole benefit of the seller, and may be waived by him; and, if waived by him, he cannot complain because the contract notice was not given. * * * Where a party under a written contract and warranty purchases an attachment for a gin plant, and then enters into a subsequent oral contract with the seller to properly install this attachment for him, if the attachment does not come up to the written warranty, and is so improperly installed as to cause his gin to put out waterpacked bales, and thereby damage the purchaser's business, he may rescind the contract of purchase, and recover the purchase price of the attachment, and in the same suit recover such damages for the breach of the contract to properly install the attachment as he is able by competent evidence to prove he has sustained."

We cannot take judicial notice of the length of the harvest season in Carter county in 1915. We find the provision in the warranty that the continuous use of the machine, or at intervals through the harvest season, or failure to notify or return the machine, should be positive acceptance of it by the defendant. We find, however, that the defendant was cutting grain for his neighbors, and nothing to indicate that his grain was injured after the 26th of June, the date he claimed the dealer was notified of the defect in the machine. It is a well-settled principle of law that, where a written contract provides what the parties shall do, the provision must be complied with. The warranty in the case at bar was as much a part of the contract as the notes. Plaintiff and defendant stipulated the course to be pursued in the event the warranty failed. This point has been decided by this court in the case of Scott v. Vulcan Iron Works Co., 31 Okla. 334, 122 Pac. 186, the 7th paragraph of the syllabus reading as follows:

"Where parties to a contract of sale have stipulated what course shall be pursued by the purchaser in the event the warranty fails, such provision must be followed by him in seeking to enforce the guaranty."

To the same effect, see Nichols Shepard Co. v. Rhoadman, 112 Mo. App. 299, 87 S. W. 62.

We cannot subscribe to the view of the plaintiff to the effect that, if the contract was not rescinded, then there should be judgment rendered in this court for the amount of the note. Certainly the plaintiff could not seriously ask this court to render such a judgment for the reason that the machine, as shown by the evidence, was returned to the dealer and by him received and used continuously during the harvest season of 1916. It might be plaintiff has evidence not presented at the trial; otherwise, we are unable to understand how he could hope for or expect a verdict in his favor for the amount evidenced by the notes.

The judgment of the lower court is reversed and remanded.

OWEN, C. J., and McNEILL, HIGGINS, and SHARP, JJ., concur.