BRADY et ux. v. MISSOURI MILITARY ACADEMY.

No. 13347—Opinion Filed March 18, 1924.

1. **Appeal and Errror—Review—Sustaining Demurrer to Evidence.**

A case will not be reversed because the trial court sustained a demurrer to defendant's evidence. where there is no evidence reasonably tending to support the defendant's case, and where it is entirely apparent that justice has been done by the ruling. Held, in this case. that either a demurrer to defendant's evidence or a motion by plaintiffs for a directed verdict was properly sustained.

2. **Trial—Demurrer to Evidence—Effect.**

The test applied to the demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence, are admitted, and the court cannot weigh conflicting evidence, but must treat that as withdrawn which is most favorable to the demurrant.

(Syllabus by Maxey, C.)

Commissioner's Opinion, Division No. 1.

Error from District Court, Tulsa County; A. C. Hunt, Judge.

Action by Missouri Military Academy, a corporation, against W. T. Brady and Rachel C. Brady, to recover balance due for board, tuition, and incidental expenses of Henry Brady, son of the defendants. Judgment for plaintiff, and defendants appeal. Affirmed.

Underwood & Rodolf, for plaintiffs in error.

Denny & Allen, for defendant in error.

Opinion by MAXEY, C. The parties will be referred to as they appear in the court below. The plaintiff, Missouri Military Academy, a corporation, sued the defendants W. T. Brady and Rachel C. Brady for a balance claimed to be due plaintiff for the board, tuition, and expenses incurred by Henry Brady, son of the defendants, while attending the plaintiff's school for the school years of 1914-15, 1915-16, and 1916-17. The balance claimed was $371.24, with interest at six per cent. per annum from the 4th day of December, 1916. Plaintiff filed a verified statement of the account with its petition, and alleged that the same was correct, due, and unpaid. The defendants filed answer, consisting of a general denial, and a denial that they entered into a contract with plaintiff, as alleged in plaintiff's petition, and denied that the account sued on was just, true, or correct, or that the items of account are due under the alleged contract; that defendants had heretofore paid, settled, and liquidated in full any and all indebtedness ever owing to the plaintiff by the defendants. Plaintiff replied by way of a general denial, and the case was tried to the court, sitting as a jury. Both parties having waived a jury, plaintiff introduced the deposition of E. Y. Burton, president of the plaintiff corporation, who testified that he was a brother-in-law of the defendant W. T. Brady, having married Brady's sister; that during the summer of 1914 he visited Tulsa, where defendants reside, and while there entered into an oral contract with the defendants for their son Henry to attend the school of plaintiff for the school year 1914-15. He furnished the defendants with a catalog, which had the terms of tuition, board, and incidentals therein, and gave them such other information about the school as they asked for, and that he thought would be advantageous to them; that Henry attended the school for the year 1914-15, and was reentered and attended the school for the school year 1915-16, and he was reentered for the school year 1916-17, and attended said school up to the Christmas holidays of 1916, but did not return after the holidays; and that they only charged him for the time he attended, and that there was a balance due for the time he attended school of $371.24, with interest at six per cent. per annum from December, 1916. J. H. Whitmore, secretary of the plaintiff corporation, testified from the books of the corporation, and stated that Henry Brady attended school during the school years of 1914-15, 1915-16, and 1916-17. up to the Christmas holidays in 1916, and did not return after the holidays; that they only charged up to the time he quit, and that there was a balance, as shown by the books, of $371.24. W. E. Brady, one of the defendants, was introduced on behalf of the defendants and testified that the president of the plaintiff was indebted to him for money that he had loaned him prior to this transaction, and that the amount that Burton owed him was greater than the amount claimed that he owed the plaintiff. He testified that he gave notes to the plaintiff at one time for the balance due, and at another time that he gave post-dated check to cover amount due and to become due. He could not state that cutting out of the amount he claimed Burton owed him that the amount of $371.24 was not due the plaintiff. This is a fair statement of the testimony in the case.

The court took the matter under advisement for a few days and afterwards rendered judgment in favor of the plaintiff for the amount sued for, $371.24, with interest. A motion for new trial was filed by defendants and overruled by the court, and time given for preparing and presenting the case-made. The case-made was afterwards prepared and served, settled and signed, and the case is now before this court for review.

We have carefully read the entire testimony as contained in the record, and have examined the briefs of the respective parties carefully. The plaintiffs in error, on page 12 of their brief, say:

"We only desire to present to the court in our argument in this case two questions which are raised by the various assignments of error:

"The court erred in not sustaining the demurrer of the defendant to the evidence of the plaintiff.

"The court erred in not rendering a judgment for the defendants."

So that the question to be decided is narrowed down to those two propositions. Counsel for plaintiffs in error, under the first proposition, makes this statement:

'The Supreme Court of this state has held in a number of cases that a demurrer to the evidence should be sustained, where the evidence does not reasonably support the allegations of the petition and will not support a verdict"

—citing the following cases from this court in support of this proposition: Pitman v. City of El Reno, 4 Okla. 638, 46 Pac. 495; Archer v. United States, 9 Okla. 569, 60 Pac. 268; McCormick v. Bonfils 9 Okla. 605 60 Pac. 296; Hanenkratt v. Hamil, 10 Okla. 219, 61 Pac. 1050; Sanders v. Chicago, R. I. & P. Ry. Co., 10 Okla. 325, 61 Pac. 1075; Yingling v. Redwine, 12 Okla. 64, 69 Pac. 810; Watkins v. Havighorst, 13 Okla. 128, 74 Pac. 318; Pringey v. Guss, 16 Okla. 82, 86 Pac. 292.

There is another proposition of law that counsel for plaintiffs in error has overlooked, and that is, that where a case is tried before a jury, or before the court sitting as a jury, the verdict of the jury or the finding of the court will not be disturbed if there is any evidence to support the verdict or the findings. The defendant in error takes up the second proposition tendered by the plaintiffs in error, and states the familiar rule in this jurisdiction that the verdict of the jury will not be reversed where there is any evidence in the record reasonably tending to support it, citing Kel-

ly v. Baughman, 66 Okla. 200, 167 Pac. 80; Allen v. Shepherd, 69 Okla 47, 169 Pac. 1115; Mounts v. Boardman Co., 79 Okla. 70, 191 Pac. 362. It has been often held by this court that a demurrer to the evidence admits all the facts which the evidence tends to prove and all the inferences and conclusions which may be reasonably and logically drawn therefrom, and where plaintiff's petition states a cause of action and the proof fairly sustains the same it is not error to overrule the demurrer to the evidence. Rose v. Woldert Gro. Co., 54 Okla. 566, 154 Pac. 531; Sartain v. Walker et al. 60 Okla. 258, 159 Pac. 1096; Ft. Smith & W. Ry. Co. v. Knott et al., 60 Okla. 175, 159 Pac. 847; Midland Railway Co. v. Ogden, 60 Okla. 74, 159 Pac. 256; Petroleum Iron Works Co. v. Bullington, 61 Okla. 311, 161 Pac. 538; Rawlings v. Ufer, 61 Okla. 299, 161 Pac. 183. In the case of Rawlings v. Ufer, 61 Okla. 200, 161 Pac. 183, this court said:

"The test applied to the demurrer to the evidence is that all the facts which the evidence in the slightest degree tends to prove, and all inferences or conclusions which may be reasonably and logically drawn from the evidence are admitted, and the court cannot weigh conflicting evidence, but must treat that as withdrawn which is most favorable to the demurrant."

The rule seems to be the same on a motion for a directed verdict for the defendant.

We are of the opinion that the case was fairly tried and that there was ample evidence to support the judgment of the court, and that the court was right in overruling the demurrer to the evidence, and that its judgment should. in all things, be affirmed.

By the Court: It is so ordered.