**HARRELL v. LONDON, Sheriff, et al.**

No. 17943. Opinion Filed Jan. 24, 1928.

Rehearing Denied Feb. 21, 1928.

(Syllabus.)

**1. Partnership—Essentials of Relation.**

Section 8103, C. O. S. 1921, defines a partnership as follows: "A partnership is the association of two or more persons for the purpose of carrying on a business together and dividing the profits between them." The essence of the contract is that the parties should be jointly concerned in the profits. One person may advance funds and another furnish personal service in carrying on a business, and if both are to share in the profits, a valid partnership may be created.

**2. Same—Judgment Enforceable Against Partnership Property Though Only One Partner Served with Summons.**

A valid judgment against a partnership firm where only one partner is served, the other being omitted from service of summons, may be enforced by execution levied upon the partnership property, and such judgment would bind the interest in the partnership property of both partners.

**3. Trial—Demurrer to Evidence—Rule as to Treating as Withdrawn Evidence Favorable to Demurrant.**

The rule on a demurrer to the evidence concerning the treating of evidence as withdrawn most favorable to the demurrant applies only to conflicting evidence.

**4. Appeal and Error—Witnesses—Discretion as to Scope of Cross-Examination.**

The extent, manner, and course of the cross-examination of a witness, even though it extends to matters not inquired about in his examination in chief, is very largely within the control of the court in the exercise of a sound discretion, and the exercise of that discretion, unless flagrantly abused, is not reviewable on appeal.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action in equity in District Court by J. B. Harrell, Sr., against E. C. London, sheriff, et al., to enjoin levy of execution upon a judgment in the County Court of Carter County. Temporary injunction vacated; injunction denied. Plaintiff appeals. Affirmed.

Sigler & Jackson, for plaintiff in error.

Brett & Brett, for defendants in error.

RILEY, J. This is an appeal from a judgment in equity wherein a demurrer to the evidence of plaintiff was sustained and judgment rendered dissolving a temporary injunction. J. B. Harrell, Sr., sought to enjoin the collection, by execution, of a judgment of the county court of Carter county in cause No. 1498, rendered June 13, 1925. That judgment was rendered against the Harrell Drug Company and J. B. Harrell, Jr., son of plaintiff in error. Execution upon that judgment was attempted by a levy upon the goods of the Harrell Drug Company. J. B. Harrell, Sr., contends that the property levied upon is not the property of the drug company nor J. B. Harrell, Jr., but his own. He contends he has no adequate remedy at law by reason of the drug store being a going concern, wherefore an action to discharge the property under levy would entail irreparable injury in loss of trade.

The judgment in cause No. 1498, without appeal, became final. It was an action brought by John Schaap & Son Drug Company v. Harrell Drug Company, and J. B. Harrell, Jr., on four promissory notes signed "Harrell Drug Company, by J. B. Harrell, Jr."

At the trial in the county court in cause No. 1498, Counsel Jackson asked leave to file an amended answer for the Harrell Drug Company, which amended answer was dictated into the record as follows:

"Comes now the defendant, Harrell Drug Company, and for amended answer herein denies each and every allegation in plaintiff's petition contained. For further answer the defendant Harrell Drug Company alleges it is owned by J. B. Harrell, Sr.; that the notes sued upon herein was signed by J. B. Harrell, Jr., and the said J. B. Harrell, Jr., signed said notes without the authority and was not authorized to make that obligation or to sign those notes by himself as agent for the Harrell Drug Company; that J. B. Harrell, Sr., was not informed of the signature of the Harrell Drug Company to these notes sued upon until this morning, and for further answer the defendant adopts the original answer already filed herein.

"Wherefore, the defendant, Harrell Drug Company, prays judgment of the court." (C.-M. p. 56.)

Counsel then asked leave to verify the amended answer, to which counsel for plaintiff objected on the ground that it would change the issues; then the counsel for the Harrell Drug Company announced the withdrawal of the amended answer and the appearance of J. B. Harrell, Sr.

In the action at bar the plaintiff alleged he owned the drug store; that he was not a party to cause No. 1498, and that that judgment was void as to him.

In answer the defendant pleaded the valid-

ity of the judgment and its finality so far as the Harrell Drug Company was concerned.

The plaintiff amended his petition to allege the notes sued upon in cause No. 1498 were to pay the personal obligation of J. B. Harrell, Jr., and to deny any obligation of or consideration to plaintiff. Further, to allege lack of authority of Harrell, Jr., to sign the name of the Harrell Drug Company to the notes and to deny knowledge of the execution of the notes or of the action upon the notes as set forth in the original petition and to say that if he had known this, he would have had a complete and adequate defense and should have pleaded said defense if the opportunity had been given him. A second amendment to plaintiff's petition was filed. Defendants amended the answer to plead res judicata.

In the testimony plaintiff admitted J. B. Harrell, Jr., had a "working interest" in the Harrell Drug Company (C.-M. p. 44); that he was personally present in court when counsel dictated into the record the amended answer in cause No. 1498. Plaintiff introduced the summons in cause No. 1498, showing service only upon J. B. Harrell, Jr., and J. B. Harrell for the Harrell Drug Company.

The plaintiff's attorney, as his witness, testified concerning his employment in cause No. 1498, and concerning the filing of the original answer in that cause. On cross-examination the original answer was identified and introduced in evidence, as were the petition, reply, journal entry of judgment, and motion for new trial.

As heretofore set out, a demurrer to the evidence of plaintiff was interposed and sustained and judgment rendered, from which plaintiff appeals.

Since J. B. Harrell, Sr., was not served with summons in the county court, we must consider the relation of this plaintiff to the Harrell Drug Company and J. B. Harrell, Jr., who were served, to ascertain whether a partnership relation existed. Both persons testify that the junior has a "working interest" in the store. Plaintiff also introduced a letter from defendant "Schaap Drug Company" addressed to plaintiff stating that he had received a letter from the son, J. B. Harrell, Jr., of Ardmore, stating that J. B. Harrell, Sr., had loaned the junior $1,500 with which to buy an opening stock and that as soon as this money was paid back the junior would own the store; the letter requested a financial statement from J. B. Harrell, Sr., and said:

"We are perfectly willing to give you and your son all the financial aid that we can, but must know the financial condition you are in."

This evidence, we think, showed the relation of plaintiff and J. B. Harrell, Jr., to be a partnership.

J. B. Harrell, Jr., received a part of the profits if he had a working interest. The letter shows a growing interest; as soon as J. B. Harrell, Jr., paid back the $1,500 the store would belong to him.

20 R. C. L. 834, states the rule:

"To constitute a partnership it is not necessary that there should be a combining of property furnished in part by each of the associates, for one partner may contribute all of the capital, and may even continue to own all the property used in the business, the capital of the firm merely consisting of the right to use such property. It has been pointed out that the entire ownership by one person of the stock and assets of a business the profits of which another shares is consistent equally with the existence or the nonexistence of a partnership. In consideration of the advance of all the capital by one partner his associate may, if he chooses, agree that he shall participate in the profits. And it is not necessary that each partner should contribute his services and skill, but it suffices if all the labor is furnished by one of the partners and the employees of the firm. Not infrequently two or more persons unite in business, one contributing money and the other labor, the profits being divided between them, and in such cases it is usually held that a partnership is formed."

In Bromley v. Elliot (N. H.) 75 Am. Dec. 183, it is said:

"Valid partnership may be created by one person advancing funds, and another furnishing personal services and skill, in carrying on a trade, if the latter is to share in the profits."

And:

"The essence of the contract is that they should be jointly concerned in profits and loss, or in profits only, in some honest and lawful business—the relation of partners being established by the fact that they share the profits between them. They are bound as partners to third persons by all agreements within the apparent scope of the business in which they are engaged. * * *"

Section 8103, C. O. S. 1921, provides:

"Partnership is an association of two or more persons for the purpose of carrying on business together and dividing its profits between them."

So from the evidence we hold the only reasonable conclusion is that the association of plaintiff and J. B. Harrell, Jr., was that of

a partnership. That being true, a valid judgment against the Harrell Drug Company would bind the interest therein of J. B. Harrell, Sr., though he be not served with summons, and a levy of execution based on such judgment would properly issue against the property of the partnership.

Section 258, C. O. S. 1921, provides:

"Where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows:

"First: If the action be against defendants jointly indebted upon contract, he may proceed against the defendants served, unless the court otherwise direct; and if he recover judgment it may be entered against all of the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served; and if they are subject to arrest, against the persons of the defendants served.

"Second: If the action be against defendants severally liable, he may, without prejudice to his rights against those not served, proceed against the defendants served in the same manner as if they were the only defendants."

In Heaton v. Schaeffer, 34 Okla. 631, 126 Pac. 797, the statute is construed:

"In a suit against a partnership, where only one member of the firm is served, it is error to render an individual judgment against the member served. In such case the judgment should be rendered against the firm, and such judgment could be enforced against the partnership property and the individual property of the member served." Sayre Commission Co. v. Keen, 26 Okla. 794, 110 Pac. 775; Holmes v. Alexander, 52 Okla. 122, 152 Pac. 819.

We hold, therefore, that under these facts and authorities the defendant had the right to levy execution upon the partnership property so seized.

It might with considerable merit be said that J. B. Harrell, Sr., entered his general appearance in the cause before the county court. His was not a plea of intervention, but an amended answer for the Harrell Drug Company—he was present in person. The answer set out that the Harrell Drug Company was owned by J. B. Harrell, Sr.; then a controversy arose as to verification of the answer, and he withdrew. But did he enter his general appearance?

Section 242, C. O. S. 1921, says:

"* * * Or the voluntary appearance of a defendant is equivalent to service." Moline Plow Co. v. Adair, 76 Okla. 4, 183 Pac. 499; Webster v. Crump, 117 Okla. 244, 246 Pac. 423; 2 R. C. L. 327.

In the case of In re Widener's Estate, 112 Okla. 54, 240 Pac. 609, it is said:

"In a proceeding in a court of record, where persons having an interest in the proceeding make a special appearance and challenge the jurisdiction of the court because of lack of service of notice of the proceeding, such lack of service, if a requisite of jurisdiction, becomes wholly immaterial where such interested parties in the same motion and as a part of their special appearance invoke the power and jurisdiction of the court to determine a matter affirmatively alleged in such motion and which goes to and will determine the merits of the entire proceeding. Such appearance is general."

The withdrawal of plaintiff would seem to be ineffectual under the rule in 2 R. C. L. 323. Eldred v. Michigan Ins. Bank, 21 U. S. (L. Ed.) 685; Creighton v. Kerr, 22 U. S. (L. Ed.) 309.

However, this is not necessary to our decision heretofore reached, but is one of many additional reasons why the final judgment below was a proper one.

Plaintiff says the court erred in sustaining the demurrer of defendants' to plaintiff's testimony, and argues as follows:

"We take the position that when the defendants demurred to plaintiff's testimony, this would withdraw from the consideration of the court all the testimony favorable to the defendants."

Counsel fail to properly state in their argument the rule contained in their citation, Brady v. Missouri Military Academy, 98 Okla. 118, 224 Pac. 707, for there in the 2nd paragraph of the syllabus, as to the withdrawal from the consideration of evidence, it is said, "and the court cannot weigh conflicting evidence, but must treat that as withdrawn which is most favorable to the demurrant," clearly limiting the withdrawal to conflicting evidence. Ransom v. Robinson Packer Co., 120 Okla. 17, 250 Pac. 119; Sutherland v. First Nat. Bank, 119 Okla. 278, 249 Pac. 715.

Objection by plaintiff is made to evidence admitted on cross-examination of plaintiff's witnesses. We have examined this evidence against which the objection is made and find the cross-examination germane to the direct examination, to wit, the record of the cause in the county court.

In Harrold v. Territory, 18 Okla. 395, 89 Pac. 202. the rule is stated:

"The extent, manner, and course of the

cross-examination of a witness, even though it extends to matters not inquired about in his examination in chief, ag every largely within the control of the court in the exercise of a sound discretion, and the exercise of that discretion, unless flagrantly abused, is not reviewable on appeal."

We find there was no abuse of discretion on the part of the learned trial judge.

The judgment is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, and CLARK, JJ., concur. PHELPS and HARRISON, JJ., absent, not participating.

Note.—See under (1) 30 Cyc. pp. 349, 377; anno. 18 L. R. A. (N. S.) 963; 20 R. C. L. p. 800, et seq.; 5 R. C. L. Supp. p. 1126; 6 R. C. L. Supp. p. 1234. (2) 30 Cyc. p. 570; 20 R. C. L. p. 937. (3) 38 Cyc. p. 1543; 26 R. C. L. p. 1062; 3 R. C. L. Supp. p. 1490; 4 R. C. L. Supp. p. 1694; 5 R. C. L. Supp. p. 1437; 6 R. C. L. Supp. p. 1581. (4) 4 C. J. p. 823, §2797.