### PALACINE OIL CO. v. COMMERCIAL CASUALTY INS. CO., NEWARK, N. J.
### No. 1069.

Circuit Court of Appeals, Tenth Circuit.
Jan. 30, 1935.

George N. Otey, of Ardmore, Okl., for appellant.

Philip N. Landa, of Tulsa, Okl. (Hal Crouch, of Tulsa, Okl., on the brief), for appellee.

Before LEWIS and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

The Palacine Oil Company, appellant, brought suit upon an insurance policy in which the Commercial Casualty Insurance Company, appellee, agreed to indemnify appellant from July 28, 1924, to July 28, 1925, against loss—

"By reason of the liability imposed by law upon the Assured for damages on account of bodily injuries, and/or death, accidentally suffered or alleged to have been suffered by any person or persons, not employed by the Assured, by reason of the business described and conducted at the locations named in said Warranties, whether said injuries or death are accidentally suffered at the locations named or elsewhere.

"The Company's liability for loss, as defined above, on account of an accident resulting in bodily injuries and/or death to one person is limited to Five Thousand Dollars ($5,000.); and subject to the same limit for each person, the Company's total liability for loss on account of any one accident resulting in bodily injuries and/or death to more than one person is limited to Ten Thousand Dollars ($10,000.).

"Second: In addition to the above limits, the Company will, however, agree to pay the expense of litigation and all costs taxed against the Assured in any legal proceedings defended by the Company, and the interest accruing after entry of any judgment upon such part thereof as shall not be in excess of said limits."

The policy also contained the following provision:

"D. Reporting Accidents, Losses and Claims.

"The Assured, upon the occurrence of an accident, shall give immediate written notice thereof to the Company with the fullest information obtainable. He shall give like notice with full particulars of any claim made on account of such accident. If, thereafter, any suit or other proceeding is instituted against the Assured, he shall immediately forward to the Company every summons, notice or other process served upon him. Nothing elsewhere contained in this Policy shall relieve the Assured of his obligations to the Company with respect to notice as herein imposed upon him."

At the conclusion of the trial in the court below, both parties moved the court to direct the jury to return a verdict in its favor. Later and before the submission of the case to the jury, it was stipulated by the parties in open court and entered of record that the jury might be discharged and the case submitted to the court for decision. Each of the parties thereupon in effect moved the court for a declaration of law in its favor. The court later granted the motion of appellee and denied the motion of appellant, to which rulings exceptions were taken by appellant. The court made special findings in which it expressly declined to pass upon the issue presented by the pleadings and the proof as to whether the accident involved in the litigation was covered by the policy, and in this review we do not find it necessary to consider that question.

It appears from the evidence in the case that R. C. Philpot during the life of the policy was operating a gasoline filling station at Cade, Okl., on premises upon which was a well or cistern located about 65 feet from the gasoline tank and pump being used by Philpot in his business. With respect to the premises, the accident, and subsequent events, the trial court in its findings and conclusions made the following summary:

"At the time of the issuance of said policy of insurance and at all times thereafter plaintiff (appellant here) was engaged in the wholesale and retail marketing of gasoline, by selling some of its gasoline at wholesale prices to gasoline stations operated by others and some of its gasoline at retail prices direct to consumers from gasoline stations owned and operated by plaintiff. On or about June 30, 1925, plaintiff sold gasoline at wholesale prices to one R. C. Philpot, of Cade, Oklahoma, who owned and operated a gasoline station. In connection with the operation of said gasoline station by R. C. Philpot and the sale of gasoline to him, plaintiff loaned to the said R. C. Philpot and installed in R. C. Philpot's gasoline station, an underground storage gasoline tank and a ten gallon gasoline pump. * * * On June 30, 1925, a thirteen year old daughter of R. C. Philpot threw a lighted match into the well or cistern, igniting the gasoline fumes or vapors, (therein) causing an explosion and injuring this girl and a boy by the name of Akins. On the same date, to-wit: June 30, 1925, plaintiff herein was no-

tified of the explosion and resulting injuries. T. E. Garrison, treasurer of plaintiff, went to the scene of the accident and was requested to remove the underground storage tank and pump, installed by plaintiff at R. C. Philpot's station. On July 2, 1925, plaintiff did remove the storage tank and gasoline pump and found a leak in the pipe leading from the underground storage tank to the pump, * * * and also found a quantity of gasolinq accumulated under the storage tank on (in) the ground. On July 2, 1925, after removing its underground storage tank and pump and after finding this leak and the accumulated gasoline under the underground storage tank, plaintiff, through Mr. T. E. Garrison, made a thorough investigation to determine whether this leaking gasoline from the pump and storage tank and the accumulated gasoline under the storage tank, seeped through to the well or cistern, and satisfying himself that it did not, but it was subsequently established in the District Court of Bryan County, Oklahoma, and found by a jury in said court, that this leaking gasoline did seep through to the well and caused the explosion. The finding of the jury in the District Court of Bryan County, Oklahoma, was affirmed by the State Supreme Court. Plaintiff did not notify defendant of the accident and explosion until August 5, 1925, when it sent to defendant a letter, introduced in evidence as Plaintiff's Exhibit No. 9. Defendant denied all liability to plaintiff under its said policy and refused to defend the action instituted by Mary Jane Philpot and to defend the action instituted against the plaintiff by Akins. Mary Jane Philpot recovered a judgment against plaintiff and plaintiff paid said judgment on July 31, 1930, in the sum of $15,000.00. In addition thereto plaintiff paid expenses in connection with the defense of said Philpot case in the total sum of $739.10. Plaintiff obligated itself to pay, but has not yet paid, the sum of $700.00 as attorney's fees to J. E. Williams, Esq. * * * J. M. Akins recovered a judgment against plaintiff in the sum of $640.00, which was paid by plaintiff on the 22nd day of October, 1930."

This summary has ample support in the evidence. Following this summary, the trial court concluded as matter of law that:

"The policy sued on 'is subject to the following conditions' one of which conditions is Condition D, requiring the plaintiff to give immediate written notice upon the occurrence of an accident and to give like notice, with full particulars, of any claim made on account of such accident. This Condition D, with reference to notice, is a condition precedent to the plaintiff's right to recover. * * *"

Then follows what in the concluding sentences may be fairly treated as a finding of the ultimate fact:

"Plaintiff having been notified of the explosion on June 30, 1925, and having made a thorough investigation of the cause of the explosion on July 2, 1925, and having found a leak of gasoline in its equipment and accumulated gasoline under the storage tank, and believing that no claims or demands would be made upon it as a result of the accident, did not notify defendant insurance company of the accident as required by Condition D of the policy calling for immediate notice. * * * The giving of notice by plaintiff to defendant by letter of August 5, 1925, * * * is not sufficient compliance with Condition D of the policy relating to notice. * * * Plaintiff complied with the second and third provisions of Condition D, but failed to comply with the first provision."

The trial court also made a finding of the ultimate fact, following the summary of the evidence above quoted, in this language:

"I find that at the time the policy was issued * * * plaintiff did not exercise reasonable diligence in that it did not notify defendant of the action immediately after the accident by giving to defendant immediate written notice upon the happening of the accident."

Appellant admits that the provision of paragraph D of the policy requiring notice of the accident constituted a condition precedent.

We agree with appellant that the meaning which should be given the word "immediate," as used in the paragraph of the policy respecting notice, is that given in the cases cited by counsel in appellant's brief, among others Kerr v. Ætna Casualty & Surety Co., 124 Okl. 112, 254 P. 105, 107; Moline Plow Co. v. Adair, 76 Okl. 4, 183 P. 499. In the Kerr Case the court said: "The word 'immediately' must be given a liberal, and not a strict literal, construction, but will be construed to mean 'within a reasonable time.' * * *"

In the Moline Plow Company Case it was held: "That by the term 'immediate notice' is ordinarily meant due diligence, in a reasonably prompt time, as the nature and the

circumstances of the particular case demand. * * * "

But under the evidence in the case the question is not, as argued by appellant, whether there is any evidence which supports the findings and judgment of the trial court, but rather whether there is any evidence which even tends to support the contention of appellant that it was entitled to a declaration of law in its favor.

Contrary to appellant's contention, we quite agree with the trial court that under the circumstances as shown by the evidence appellant did not exercise reasonable diligence in giving notice of the accident and that the notice given by the letter of August 5, 1925, of the accident occurring on June 28th was not a sufficient compliance with the requirements of the policy. But even though we disagreed with the trial court respecting this delay of more than a month in giving notice, under the law making the findings of fact by a trial judge as binding upon the appellate court—White v. United States (C. C. A.) 48 F.(2d) 178—as a verdict of a jury would be, it is clear that the inference of lack of reasonable diligence in giving notice of the accident (being a fact) has ample support in the evidence.

Judgment affirmed.